DECISION AND JOURNAL ENTRY
{¶ 1} Defendants/Appellants Akron City Schools Board of Education and Brenda Lindsay appeal the trial court's denial of their motion for judgment on the pleadings. We affirm.
 {¶ 2} On April 17, 2006, Plaintiffs/Appellees, Jaqueal Hitchcock and Kelly Tomlinson, filed a complaint for civil battery, intentional infliction of emotional duress, negligence, negligent infliction of emotional duress, loss of consortium, punitive damages and attorney fees against the School Board and Lindsay. In their complaint, they allege that, on February 27, 2006, Lindsay, a schoolteacher at Crouse Magnet School for Math and Applied Science, "negligently grabbed and choked [Hitchcock, a student at Crouse,] about the neck and shoved him against a wall in front of his first grade class causing serious physical injury to" Hitchcock. In their answer to the complaint, the School Board and Lindsay asserted as affirmative defenses that the School Board is not an entity capable of being sued and that it and Lindsay are entitled to the benefits of statutory immunity. *Page 2 
 {¶ 3} On June 8, 2006, the School Board moved for judgment on the pleadings, arguing that: (1) the School Board is not an entity capable of being sued; (2) the Akron City School District Board of Education ("School Board") is statutorily immune from intentional tort claims; (3) the School Board is statutorily immune from the asserted negligence claims; (4) Hitchcock and Tomlinson failed to comply with the pleading requirements necessary to defeat the School Board's statutory immunity; and (5) the School Board is statutorily immune from punitive damage and attorney fee/cost claims. They also argued that Lindsay is statutorily immune from all claims.
 {¶ 4} On July 13, 2006, Hitchcock and Tomlinson filed their memorandum in opposition to the School Board and Lindsay's motion for judgment on the pleadings. Hitchcock and Tomlinson argued that the School Board and Lindsay failed to support their argument that they are immune from liability based on R.C. 2744.03(A)(3) and (5).
 {¶ 5} On February 9, 2007, the trial court granted the School Board judgment on the pleadings, but denied judgment to Lindsay. The School Board and Lindsay appealed the Judgment Entry on March 8, 2007, and have raised one assignment of error.
 Assignment of Error Number One
"The trial court erred by failing to enter judgment on the pleadings with respect to [Lindsay]."
 {¶ 6} The School Board and Lindsay argue that Lindsay is immune from liability under R.C. 2744.03(A)(6) and that none of the three statutory exceptions to immunity set forth therein apply. Accordingly, Lindsay maintains, the trial court erred in denying her motion for judgment on the pleadings. *Page 3 
 {¶ 7} In Pinkerton v. Thompson (2007), 174 Ohio App.3d 229,2007-Ohio-6546, at ¶ 18, we set forth the standard of review to apply when a trial court denies a motion for judgment on the pleadings.
 "A Civ. R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ. R. 12(B)(6) motion for failure to state a claim upon which relief may be granted, and the same standard of review is applied to both motions. The trial court's inquiry is restricted to the material allegations in the pleadings. Furthermore, the trial court must accept material allegations in the pleadings and all reasonable inferences as true. This court reviews such motions under the de novo standard of review. We will not reverse a trial court's denial of a Civ. R. 12(C) motion unless when all the factual allegations of the complaint are presumed true and all reasonable inferences are made in favor of the nonmoving party, it appears beyond doubt that the nonmoving party cannot prove any set of facts entitling him to the requested relief." (Internal citations omitted) Pinkerton at ¶ 1 8.
 {¶ 8} In the complaint, Hitchcock and Tomlinson asserted claims for battery, intentional infliction of emotional distress, negligence, negligent infliction of emotional distress, and loss of consortium against Lindsay. Hitchcock and Tomlinson alleged that Lindsay "willfully, wantonly, recklessly and negligently grabbed and choked [Hitchcock] about the neck and shoved him against a wall in front of his first grade class causing serious physical injuries to [Hitchcock]." They further alleged that, "at all times relevant herein," Lindsay "was employed by the [School Board] as a K through 5 teacher at [Crouse]"
 {¶ 9} In her motion for judgment on the pleadings, Lindsay asserted that she was statutorily immune from all claims "unless the alleged acts or omissions fall within one of the three exceptions to [her] general statutory immunity" set forth in R.C. 2744.03(A)(6). Lindsay argued that Hitchcock and Tomlinson failed to specifically plead facts that would defeat Lindsay's immunity. *Page 4 
 {¶ 10} Accepting the material allegations in the complaint and all reasonable inferences as true, we cannot say that the trial court erred in denying Lindsay's motion for judgment on the pleadings to the extent Lindsay acted as set forth in R.C. 2744.03(A)(6). Lindsay would not be immune from suit if Hitchcock and Tomlinson could demonstrate any of the three exceptions set forth in R.C. 2744.03(A)(6): (a) for an employee's acts "manifestly outside the scope of the employee's employment or official responsibilities"; (b) for an employee's acts or omissions done "with malicious purpose, in bad faith, or in a wanton or reckless manner"; or (c) where "liability is expressly imposed upon the employee by a section of the Revised Code." We do not need to reach the issue of whether Lindsay was immune under R.C. 2744.03, however, because our review is limited to whether the complaint fails to establish that Hitchcock and Tomlinson could prove any set of facts entitling them to the requested relief, assuming that the material allegations in the pleadings and all reasonable inferences are true. Pinkerton at ¶ 18.
 {¶ 11} Lindsay urged the trial court to grant her motion because the complaint failed to include allegations of specific facts establishing any of the three exceptions and cited Hodge v. City of Cleveland (Oct. 22, 1998), 8th Dist. No. 72283 for the proposition that she was, therefore, entitled to judgment. We decline to hold that there is a heightened pleading requirement when bringing suit against an employee of a political subdivision. Neither does the non-binding case ofHodge imply that such a pleading requirement exists. In Hodge, the 8th District Court of Appeals affirmed the trial court's dismissal of claims against two city employees because plaintiffs had failed to make any specific allegations against the employees. Id at *3. Specifically, theHodge court held that the complaint "did not allege any operative facts whatsoever concerning [the employee]: for example, it did not even allege that he had a position or any responsibility for hiring or supervising employees of Cleveland, did not assert that he was *Page 5 
an employee at the recreation center, and did not identify or refer to any act or omission by him." Id. at *6. In other words, the complaint failed to meet the basic pleading requirements of Civ. R. 8(A). See id. at *7.
 {¶ 12} The complaint at issue in this case does not suffer from such infirmities. Hitchcock and Tomlinson have alleged that Lindsay was employed by the School Board and that she "willfully, wantonly, recklessly and negligently" grabbed, choked and shoved Hitchcock causing him serious physical injury. This is sufficient to survive a motion for judgment on the pleadings as Lindsay could be liable if she was acting manifestly outside the scope of her employment and/or "with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C. 2744.03(A)(6)(b).
 {¶ 13} Absent any other authority for the proposition that a plaintiff must anticipate a political subdivisions' defenses and plead specific facts to counteract a possible affirmative defense of sovereign immunity, we hold that the trial court did not err in denying the motion for judgment on the pleadings. The complaint meets Civ. R. 8(A) requirements and does not show that Hitchcock and Tomlinson cannot prove any set of facts entitling them to the requested relief.Pinkerton at ¶ 18. The School Board and Lindsay's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed. *Page 6 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellants.
DONNA J. CARR FOR THE COURT
CARR, P. J. DICKINSON, J. CONCURS