[Cite as *Schaad v. Buckeye Valley Local School Dist. Bd. of Edn.*, 2016-Ohio-569.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| ERIC SCHAAD, et al. | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Plaintiffs-Appellees | Hon. Patricia A. Delaney, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 15 CAE 08 0063 |
| BUCKEYE VALLEY LOCAL SCHOOL DISTRICT BOARD of EDUCATION, et al. | |
| | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:          Civil Appeal from the Court of Common
                                  Pleas, Case No.  14 CVC 110831


JUDGMENT:                         Affirmed


DATE OF JUDGMENT ENTRY:           February 12, 2016


APPEARANCES:

For Plaintiffs-Appellees                   For Defendant-Appellant Spencer

SHAKEBA DUBOSE                             MATTHEW JOHN MARKLING
THE DUBOSE LAW FIRM LLC                    PATRICK VROBEL
20 South Third Street                      SEAN KORAN
Suite 210                                  MCGOWN & MARKLING CO., LPA
Columbus, Ohio  43215                      1894 North Cleveland-Massillon Road
                                           Akron, Ohio  44333

*Wise, P. J.*

{¶1} Defendant-Appellant Jason Spencer appeals the decision of the Court of Common Pleas, Delaware County, which granted in part and denied in part his Civ.R. 12(C) motion for judgment on the pleadings in a civil lawsuit filed by Plaintiffs-Appellees Eric and Trish Schaad against Appellant Spencer, the Buckeye Valley Local School District Board of Education, and others. The relevant facts leading to this appeal are as follows.

{¶2} Appellant Spencer is a middle school principal in the Buckeye Valley Local school system. Appellees Eric and Trish Schaad are the parents of the minor child L.S., who at the times pertinent to this case was a Buckeye Valley Local student. According to appellees' complaint, in early August 2014, appellees met with appellant, along with two other school officials (a Buckeye Valley district administrator and a case manager), in order to develop a "504 Intervention Plan," which would set forth accommodations to be implemented by the school for L.S., who had recently undergone back surgery. During the meeting, appellees allegedly presented the school representatives with school excuse/accommodation form issued on July 23, 2014 by Dr. Walter Samora of Nationwide Children's Hospital, Department of Orthopedic Surgery. According to appellees, on or about August 12, 2014, also for purposes of the 504 Intervention Plan, L.S. was issued a second school excuse/accommodation form that included the same restrictions set forth in the July 23, 2014 form regarding L.S.'s physical activity while at school, as well as accommodations to be provided to L.S. by Buckeye Valley while at school. The 504 Intervention Plan was to take effect at the start of the school year, *i.e.*, in mid-August 2014.

{¶3} Appellees have alleged that Appellant Spencer, without contacting or receiving authorization from appellees, thereafter called Nationwide Children's Hospital and spoke to an administrative assistant from the hospital, Danielle D. Greco, and persuaded Greco to make changes to L.S.'s August 12, 2014 school excuse/ accommodation documents without authorization. Appellees further allege that during this conversation with Greco, appellant misrepresented information to Greco to induce the changes to the accommodation, and that Greco also discussed details of L.S.'s surgery and course of treatment.

{¶4} On November 14, 2014, appellees filed a complaint in Delaware County Court of Common Pleas, raising claims against the Buckeye Valley Local School District, Appellant Spencer, Nationwide Children's Hospital, and Danielle D. Greco.

{¶5} On December 11, 2014, Buckeye Valley and appellant filed an answer to the appellees' complaint.

{¶6} On January 20, 2015, Buckeye Valley and appellant filed a motion for judgment on the pleadings (Civ.R. 12(C)), raising R.C. Chapter 2744 immunity grounds.

{¶7} On January 30, 2015, appellees voluntarily dismissed Buckeye Valley, *i.e.*, the school district itself, from the lawsuit. Furthermore, on February 6, 2015, appellees filed an amended complaint, naming the Buckeye Valley Local School District Board of Education ("Board") as a party to the lawsuit.

{¶8} On February 13, 2015, the Board and appellant filed an answer to the amended complaint, as well as a second motion for judgment on the pleadings on immunity grounds.

{¶9} Via a nine-page judgment entry issued July 20, 2015, the trial court granted in part and denied in part the motion for judgment on the pleadings. Specifically, the trial court held *inter alia* that "none of the claims raised by the parents against the school board impose specific liability on a political subdivision that undercuts the immunity afforded to the board by R.C. 2744.02(A)(1)." *See* Judgment Entry at 5. The trial court further held that the "intentional-conduct claims in the fifth cause of action (a claim that [appellant] induced a hospital employee to disclose nonpublic medical information to him), in the sixth cause of action (the general claim that [appellant] acted in bad faith or in a malicious, wanton, or reckless or bad-faith manner), and a portion of the seventh cause of action (the invasion of privacy claim)" would survive judgment on the pleadings. *See* Judgment Entry at 7-8.

{¶10} Appellant solely filed a notice of appeal on August 6, 2015, regarding the portion of the July 20, 2015 judgment entry denying his motion for judgment on the pleadings. He herein raises the following two Assignments of Error:

{¶11} "I. THE DELAWARE COUNTY COURT OF COMMON PLEAS ERRED IN DENYING DEFENDANT-APPELLANT JASON SPENCER THE BENEFITS OF STATUTORY IMMUNITY UNDER R.C. CHAPTER 2744.

{¶12} "II. THE DELAWARE COUNTY COURT OF COMMON PLEAS ERRED IN FAILING TO DETERMINE THAT PRINCIPAL SPENCER HAS BEEN SUED IN HIS OFFICIAL CAPACITY ONLY."

I.

**{¶13}** In his First Assignment of Error, appellant contends the trial court erred in finding he was not fully protected by the statutory immunities provided in R.C. Chapter 2744. We disagree.

### *Appellate Court Jurisdiction*

**{¶14}** As an initial matter, because the judgment entry under appeal is, at least in part, a denial of a Civ.R. 12(C) motion, we are compelled to *sua sponte* consider the issue of final appealability. Generally, a judgment overruling a motion for judgment on the pleadings is not a final appealable order. *Paul C. Harger Trust v. Morrow County Regional Planning Commission*, 5th Dist. Morrow No. 03-CA-19, 2004-Ohio-6643, ¶ 24, citing *Kildow v. Home Town Improvements,* 5th Dist. Muskingum No. CT2002-0039, 2003-Ohio-733. "However, R.C. 2744.02(C) provides that an order denying a political subdivision or an employee of a political subdivision immunity from liability is a final order from which an appeal can be taken." *Harger Trust* at ¶ 24.

**{¶15}** Accordingly, we will proceed to the merits of the present appeal. *See*, *also*, *Rucker v. Village of Newburgh Hts.*, 8th Dist. Cuyahoga No. 89487, 2008-Ohio-910, ¶ 3 (holding that a village's appeal of the denial of its 12(C) motion for judgment on the pleadings, which had invoked R.C. Chapter 2744, was based on a final, appealable order pursuant to the Ohio Supreme Court's decision in *Hubbell v. City of Xenia,* 115 Ohio St.3d 77, 2007-Ohio-4839).

## *Civ.R. 12(C) Overview*

**{¶16}** Motions for judgment on the pleadings are governed by Civ.R. 12(C), which states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

**{¶17}** Pursuant to Civ.R. 12(C), dismissal is only appropriate "where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931. The very nature of a Civ.R. 12(C) motion is specifically designed for resolving solely questions of law. *See Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 166, 297 N.E.2d 113. Appellate review in this realm will be done independent of the trial court's analysis to determine whether the moving party was entitled to judgment as a matter of law. *State ex rel. Gorgievski v. Massillon,* 5th Dist. Stark No. 2008 CA 00239, 2009–Ohio–4533, ¶ 16 (additional citations omitted).

**{¶18}** Our appellate standard of review on a Civ.R. 12(C) motion is *de novo. Columbus v. Sanders*, 5th Dist. Delaware No. 11 CAE 05 0047, 2012-Ohio-1514, ¶ 13. Under a *de novo* analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Kramer v. Installations Unlimited* (2002), 147 Ohio App.3d 350, 353, 770 N.E.2d 632, 2002-Ohio-1844.

### R.C. 2744.03(A)(6) Immunities

**{¶19}** R.C. 2744.03(A) sets forth certain defenses or immunities that may be asserted to establish non-liability in a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function. In the case *sub judice*, appellant, who is undisputedly an employee of a political subdivision, urges us to consider subsection (A)(6) of this statute, which states as follows:

**{¶20}** "In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:

**{¶21}** "(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;

**{¶22}** "(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

**{¶23}** "(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term 'shall' in a provision pertaining to an employee."

*Legal Definitions*

**{¶24}** "Bad faith" has been defined as a "dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud." *Zieber v. Heffelfinger*, 5th Dist. Richland No. 08CA0042, 2009-Ohio-1227, ¶ 49, quoting *Jackson v. Butler Cty. Bd. of Cty. Commrs.* (1991), 76 Ohio App.3d 448, 454, 602 N.E.2d 363, 367 (additional citations and internal quotations omitted). "Bad faith" has also been defined as "[t]he opposite of 'good faith,' generally implying or involving actual or constructive fraud, or a design to mislead or deceive another, * * * not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." *Hicks v. Leffler*, 119 Ohio App.3d 424, 429, 695 N.E.2d 777, 780 (10th Dist.1997), quoting Black's Law Dictionary (5 Ed.1979) 127.

**{¶25}** "Wanton misconduct" is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result. *Anderson v. Massillon*, 134 Ohio St.3d 380, 388, 2012-Ohio-5711, ¶ 33 (2012).[1]

**{¶26}** "Reckless conduct" is defined as being "characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Anderson*, *supra*, ¶ 34, citing *Thompson v. McNeill*, 53 Ohio St.3d 102, 104-105, 559 N.E.2d 705 (1990), adopting 2 Restatement of the Law 2d, Torts, Section 500, at 587 (1965).

---

[1] The Ohio Supreme Court noted in *Anderson* that it had abandoned "disposition to perversity" as an element of the definition of wanton misconduct, citing *Hawkins v. Ivy,* 50 Ohio St.2d 114, 363 N.E.2d 367 (1977). *See Anderson* at ¶ 28.

*Analysis*

**{¶27}**  In the case *sub judice*, as indicated in our recitation of facts, the claims that have survived in the trial court following appellant's Civ.R. 12(C) motion are that appellant intentionally induced unauthorized disclosure of L.S.'s medical information (fifth cause of action), that appellant engaged in malicious, wanton, reckless, or bad-faith conduct (sixth cause of action), and that appellant invaded appellees' privacy (seventh cause of action, in part). Specifically, appellees have alleged that appellant contacted an administrative assistant, Danielle Greco, at Nationwide Children's Hospital in early September 2014 and induced her to discuss medical information about L.S., without the child's or appellees' consent. Appellees have also alleged that appellant misrepresented facts in that conversation regarding the potentiality of L.S. moving between floors in the school building to reach her classrooms and further argued with Greco about who should be making decisions regarding the child's health-related accommodations. This purportedly took place during a time when L.S. was to be careful not to aggravate or injure her back or spine while engaging in physical activity, including transitioning between classrooms.

**{¶28}**  In considering the issues before us, we recognize, as appellant duly notes in his brief, that "the [plaintiffs'] obligation to provide the grounds for their entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Parsons v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 93523, 2010-Ohio-266, ¶ 11 (addressing Civ.R. 12(B)(6)). At the same time, however, because Ohio is a notice-pleading state, "the plaintiff need not prove his or her case at the pleading stage." *Scott v. Columbus Dept. of Pub. Utils.*, 10th Dist. Franklin No. 10AP-391, 192 Ohio App.3d 465, 468, 2011-Ohio-677, ¶ 8.

Furthermore, issues regarding whether an actor's conduct was malicious, wanton, reckless, or in bad faith are generally for the jury to decide. *Gilbert v. Cleveland,* 8th Dist. Cuyahoga No. 99708, 2013–Ohio–5252, ¶ 15; *Nash v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 101389, 2015-Ohio-1376, ¶ 17.

**{¶29}** Upon review, presently accepting the aforesaid complaint allegations as true, we find appellant could be shown to have attempted to supersede without any authorization the protections to L.S.'s health and safety as duly advised by her own physician, potentially creating a HIPAA issue in the process.[2] Therefore, appellant's Civ.R. 12(C) motion was properly denied as to the fifth, sixth, and seventh (partial) causes of action, as we find appellees at this stage have sufficiently alleged, at minimum, that appellant engaged in wanton, reckless, or bad-faith conduct. R.C. 2744.03(A)(6)(b), *supra*.

**{¶30}** Accordingly, appellant's First Assignment of Error is overruled.

II.

**{¶31}** In his Second Assignment of Error, appellant argues the trial court erred in failing to determine that he had been sued in his official capacity only. We disagree.

**{¶32}** Appellant maintains that generally, under R.C. Chapter 2744, an action against an officeholder or employee in his or her official capacity is considered an action against the political subdivision he or she represents, and the officeholder in such an action is entitled to immunity from liability under the R.C. 2744.02 political subdivision immunity analysis. *See Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483. Thus,

---

[2] *See* Health Insurance Portability and Accountability Act of 1996, 42 U.S.C.A. § 1320d, et seq.

if the allegations are directed against the holder of an office in his official capacity, it is the equivalent of suing the political subdivision itself. *McCue v. Village of Peninsula*, 9th Dist. Summit No. 25599, 2011-Ohio-4394, ¶ 3, citing *Lambert*, *supra*.[3] Appellant herein urges that when a complaint alleges claims against a political subdivision officeholder or employee, the trial court must make an initial capacity determination. Appellant maintains that because in this instance the Board was found immune by the trial court, the alleged lack of an individual capacity orientation in the complaint means appellant likewise is immune from liability.

**{¶33}** Our review of the record indicates that the original complaint, while listing appellant as one of the defendants in the caption, does not add the words "personally," "individually," or specific language to denote appellant is being sued in his individual capacity. However, the bottom of the caption in the amended complaint, referring to all of the defendants, states: "Each in their individual and official capacities, where applicable." However, the record reveals appellant was served at his school business address, not at home, and paragraph 116 of the amended complaint specifically alleges that appellant's actions "were done in the course and scope of his employment with Buckeye Valley."

**{¶34}** Appellant provides no authority for the proposition that a defendant being sued in an individual capacity must be served at a home address. Generally, "[s]ervice must be made to an address where it can be reasonably anticipated that the service will be delivered to the defendant and apprise him of the pendency of the actions and afford him an opportunity to present any objections." *J.R. Productions, Inc. v. Young*, 3 Ohio

---

[3] As the Ninth District Court noted in *McCue*, we should recognize that *Lambert* dealt with a suit against an elected official.

App.3d 407, 409, 445 N.E.2d 740, (10th Dist. 1982) (additional citations omitted). Furthermore, the request for punitive damages suggests appellant is being sued individually as well, as punitive damages cannot be awarded against a political subdivision performing a governmental function. *See R.K. v. Little Miami Golf Ctr.*, 1st Dist. Hamilton No. C-130087, 2013-Ohio-4939, 1 N.E.3d 833, 844, ¶ 47, citing R.C. 2744.05(A). Finally, in order to determine in what capacity a plaintiff has sued a defendant, courts may examine both the complaint and the "course of proceedings." *UAP-Columbus JV326132 v. Young*, 10th Dist. Franklin No. 11AP-926, 2012-Ohio-2471, ¶ 17, citing *Liberty Mut. Ins. Co. v. Paris,* 8th Dist. Cuyahoga No. 74064, 1999 WL 328600, (May 20, 1999), additional citations omitted.

{¶35} Accordingly, we find no reversible error in the trial court's lack of a specific determination at this juncture that appellant is being sued only in his official capacity.

{¶36} Appellant's Second Assignment of Error is therefore overruled.

{¶37} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Delaware County, is hereby affirmed.

By: Wise, P. J.
Delaney, J., and
Baldwin, J., concur.


JWW/d 0201