[Cite as *Thompson v. Buckeye Joint Vocational School Dist.*, 2016-Ohio-2804.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| JONATHAN THOMPSON, ET AL | : | Hon. Sheila G. Farmer, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiffs-Appellees | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2015 AP 08 0047 |
| BUCKEYE JOINT VOCATIONAL | : |  |
| SCHOOL DISTRICT, ET AL | : |  |
|  | : | O P I N I O N |
| Defendants-Appellants | | |

CHARACTER OF PROCEEDING:      Civil appeal from the Tuscarawas County Court of Common Pleas, Case No. 2015 CT 04 0218

JUDGMENT:      Affirmed in part; Reversed and Remanded in part

DATE OF JUDGMENT ENTRY:      April 29, 2016

APPEARANCES:

For Plaintiffs-Appellees

STACIE ROTH
The Carnegie Building
236 Third Street SW
Canton, OH 44702

For Defendants-Appellants

MATTHEW MARKLING
PATRICK VROBEL
1894 North Cleveland-Massillon Road
Akron, OH 44333

*Gwin, J.,*

{¶1} Appellants appeal the July 20, 2015 judgment entry of the Tuscarawas County Court of Common Pleas overruling their motion for judgment on the pleadings.

*Facts & Procedural History*

{¶2} On April 13, 2015, appellees J.T., a minor child, and Tim and Karen Thompson, as natural guardians of J.T., filed a complaint against Buckeye Joint Vocational School District ("BJVSD"), Buckeye Joint Vocational School District Board of Education, Buckeye Career Center ("BCC"), Buckeye Career Center Board of Education (collectively, "Buckeye appellants"), Spencer Altier ("Altier"), and John Davis ("Davis"), individually and/or in his official capacity as teacher with BCC. The complaint states that BJVSD, the BJVSD Board of Education, BCC, and the BCC Board of Education are political subdivisions. The complaint further alleges at all times relevant herein, Davis was a person acting individually and/or within the course and scope of his employment as a teacher.

{¶3} The complaint states J.T. was a student enrolled in a landscaping course taught by Davis. Further, J.T. was being harassed, tormented, and threatened by fellow student Altier. Because of the threats, harassment, and/or torment, J.T.'s parents met with Davis and expressed their concern. Davis told them he would monitor Altier and ensure J.T.'s safety. The complaint states Davis took no further action to report Altier's behavior to the property entities or individuals.

{¶4} The complaint alleges in April of 2013, Davis transported students, including J.T. and Altier, to his private residence and instructed them to landscape his yard, lawn, and curtilage. Further, that Davis recklessly and with wanton disregard, left the students

unattended for a significant period of time. During this time, Altier attacked, battered, and physically assaulted J.T., fracturing his skull and resulting in permanent injuries and damages.

{¶5} In their first, second, and third causes of action, appellees allege assault, battery, and intentional infliction of emotional distress against Altier. In their fourth cause of action, appellees allege reckless supervision. The complaint states the defendants had a duty to exercise reasonable supervision and control over their employees and students to avoid injuries to students. Further, that defendants, acting in their individual and official capacities, breached this duty by recklessly and with wanton disregard failing to exercise reasonable supervision and control over Altier and in allowing Davis to transport students to his private residence notwithstanding prior knowledge of Altier's propensity to be violent towards J.T.

{¶6} In their fifth cause of action, appellees allege failure to report child abuse pursuant to R.C. 2151.421. The complaint states Davis, acting in his official capacity as a school employee with BJVSD, BCC, and their boards of education, their agents or employees, owed a statutory duty pursuant to R.C. 2151.421 to report suspected child abuse and neglect to the appropriate authorities. Further, that Davis negligently, recklessly, in bad faith, and with wanton disregard, breached his statutory duty by failing to timely and appropriately report child abuse. The complaint alleges R.C. 2151.421(M) provides an exception to statutory governmental immunity because whoever violates section (A) is liable for compensatory damages. The sixth and seventh causes of action allege medical expenses, loss of consortium, and punitive damages.

{¶7} After the defendants filed answers to the complaint, BJVSD, BCC, their boards of education, and Davis filed a motion for judgment on the pleadings, arguing they were immune from liability. Appellees filed a memorandum contra on June 5, 2015 and appellants filed a reply brief on June 18, 2015.

{¶8} The trial court issued a judgment entry on July 20, 2015. The trial court found the Buckeye appellants and Davis are generally immune from liability. However, the trial court found appellees alleged sufficient facts that, if true, may create an exception to this liability pursuant to R.C. 2744.02(B)(5) and R.C. 2151.421(A)(1)(a) and (M). Further, the trial court found appellees have pled sufficient facts, if true, from which a reasonable person could find Davis acted in a wanton or reckless manner; also, appellees have pled sufficient facts to create a material fact issue under R.C. 2744.03(A)(5) and 2744.03(A)(6). The trial court thus determined that neither the Buckeye appellants nor Davis were entitled to judgment as a matter of law on the basis of immunity.

{¶9} Appellants appeal the July 20, 2015 judgment entry of the Tuscarawas County Court of Common Pleas and assign the following as error:

{¶10} "I. THE TUSCARAWAS COUNTY COURT OF COMMON PLEAS ERRED IN DENYING DEFENDANTS-APPELLANTS BUCKEYE JOINT VOCATIONAL SCHOOL DISTRICT, BUCKEYE JOINT VOCATIONAL SCHOOL DISTRICT BOARD OF EDUCATION, BUCKEYE CAREER CENTER, AND BUCKEYE CAREER CENTER BOARD OF EDUCATION THE BENEFITS OF STATUTORY IMMUNITY FROM LIABILITY UNDER R.C. CHAPTER 2744.

{¶11} "II. THE TUSCARAWAS COUNTY COURT OF COMMON PLEAS ERRED IN DENYING DEFENDANT-APPELLANT JOHN DAVIS THE BENEFITS OF STATUTORY IMMUNITY FROM LIABILITY UNDER R.C. CHAPTER 2744.

{¶12} "III. THE TUSCARAWAS COUNTY COURT OF COMMON PLEAS ERRED IN FAILING TO DETERMINE THAT DEFENDANT-APPELLANT JOHN DAVIS HAS BEEN SUED IN HIS OFFICIAL CAPACITY ONLY."

*Appellate Court Jurisdiction*

{¶13} Generally, a judgment overruling a motion for judgment on the pleadings is not a final appealable order. *Paul C. Harger Trust v. Morrow County Regional Planning Commission*, 5th Dist. Morrow No. 03-CA-19, 2004-Ohio-6643. However, R.C. 2744.02(C) provides that an order denying a political subdivision or an employee of a political subdivision immunity is a final order from which an appeal can be taken. *Id.*

*Civil Rule 12(C)*

{¶14} Motions for judgment on the pleadings are governed by Civil Rule 12(C), which provides: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Pursuant to Civil Rule 12(C), dismissal is only appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the non-moving party as true, and (2) finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 664 N.E.2d 9331 (1996).

{¶15} Our appellate standard of review on a Civil Rule 12(C) motion is de novo. *Columbus v. Sanders*, 5th Dist. Delaware No. 11 CAE 05 0047, 2012-Ohio-1514. Under

a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Kramer v. Installations Unlimited*, 147 Ohio App.3d 350, 2002-Ohio-1844, 770 N.E.2d 632 (5th Dist.).

I.

{¶16} Appellants first argue the trial court erred in denying the Buckeye appellants immunity from liability under Chapter 2744. We agree.

{¶17} The Political Subdivision Tort Liability Act affords political subdivisions immunity from certain types of actions. Determining whether a political subdivision is immune from liability involves a three-tiered analysis. *Cater v. Cleveland*, 83 Ohio St.3d 24, 697 N.E.2d 610 (1998). In the first tier, R.C. 2744.02(A) provides broad immunity to political subdivisions and states that, "a political subdivision is not liable for damages in a civil action for injury, death or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." In the second tier of the analysis, R.C. 2744.02(B) provides five exceptions that may lift the broad immunity provided for in R.C. 2744.02(A). In the third tier, immunity may be reinstated if the political subdivision can demonstrate the applicability of one of the defenses found in R.C. 2744.03(A)(1) through (5). *Cater v. Cleveland*, 83 Ohio St.3d 24, 697 N.E.2d 610 (1998).

{¶18} Pursuant to R.C. 2744.01(F), a school district is a political subdivision. R.C. 2744.01(C)(2)(c) states that a governmental function includes the provision of a system of public education. Further, the complaint specifically states the Boards of Education are "political subdivisions within the State of Ohio." Therefore, Buckeye Joint Vocational

School District, Buckeye Career Center, and their boards of education are political subdivisions for purposes of the Political Subdivision Tort Liability Act and are therefore able to assert immunity pursuant to R.C. 2744.02(A)(1).

{¶19} However, if one of the exceptions outlined in R.C. 2744.02(B) is applicable, the Buckeye appellants may be subject to civil liability. Appellees argue, and the trial court found, the Buckeye appellants are not immune from liability because the exception to immunity outlined in R.C. 2744.02(B)(5) applies as civil liability is expressly imposed upon the political subdivision by R.C. 2151.421, reporting child abuse and neglect. R.C. 2744.02(B)(5) provides as follows:

> * * * a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue or be sued, or because that section uses the term "shall" in a provision pertaining to a political subdivision.

{¶20} When interpreting statutes, we must give words their ordinary and natural meaning unless a different interpretation appears in the statute. *Layman v. Woo*, 78 Ohio St.3d 485, 678 N.E.2d 1217 (1997). The Ohio Supreme Court has held that the term "expressly" as used under R.C. 2744.02(B)(5) means "in direct or unmistakable terms; in

an express manner; explicitly; definitely; directly." *Butler v. Jordan*, 92 Ohio St.3d 354, 2001-Ohio-204, 750 N.E.2d 554. A general imposition of liability is not sufficient to impose liability. *Id.*

{¶21} In this case, R.C. 2151.421 does not specifically impose liability on political subdivisions. R.C. 2151.421 creates a right to pursue liability for the failure to report child abuse, but does not specifically identify a political subdivision as an entity with a duty to report. See *Toros v. Cuyahoga County Bd. of Dev. Disabilities*, 8th Dist. Cuyahoga No. 99637, 2013-Ohio-4601; *Moore v. Lorain Metro. Housing Auth.*, 121 Ohio St.3d 455, 2009-Ohio-1250, 905 N.E.2d 606. R.C. 2151.421(M) provides, "[w]hoever violates division (A) of this section is liable for compensatory and exemplary damages to the child who would have been the subject of the report that was not made * * *." While R.C. 2151.421(A) contains an extensive list of individuals whose duty it is to report known or suspected child abuse or neglect, it does not include in the list "boards of education," "political subdivisions," or "joint vocational school districts" in those having a duty to report.

{¶22} Since "political subdivision" or "board of education" is not included in R.C. 2151.421(A)(1)(b) to whom the mandatory duty to report applies, a political subdivision or board of education cannot "violate division (A) of this section" as required by R.C. 2151.421(M) for liability to attach. R.C. 2151.421(M) does not expressly, directly, or explicitly impose civil liability on a political subdivision as required by R.C. 2744.02(B)(5) for the exception to apply. Accordingly, we find the trial court erred in failing to grant judgment on the pleadings to BJVSD, BCC, and their boards of education as to the claims against them in the complaint.

**{¶23}** The Buckeye appellants finally argue R.C. 2744.03(A)(5) applies to restore their immunity. We find this argument moot based upon our finding that R.C. 2744.02(B)(5) does not apply to the Buckeye appellants. When it has been determined that none of the exceptions in R.C. 2744.02(B) apply, it is unnecessary for an appellate court to read the third tier of immunity analysis to determine whether immunity can be restored to the political subdivision under R.C. 2744.03(A)(1) through (5). See *City of Columbus v. Sanders*, 5th Dist. Delaware No. 11-CAE-05-0047, 2012-Ohio-1514.

**{¶24}** Appellants' first assignment of error is sustained.

II.

**{¶25}** In their second assignment of error, appellants argue the trial court erred in denying Davis immunity under R.C. 2744. We disagree.

**{¶26}** The three-tiered analysis of liability applicable to a political subdivision does not apply when determining whether an employee of the political subdivision will be liable for harm caused to an individual. *Cramer v. Auglaize Acres*, 113 Ohio St.3d 266, 2007-Ohio-1946, 865 N.E.2d 9. Instead, a court must utilize R.C. 2744.03(A)(6) to analyze immunity for claims against individual employees.

**{¶27}** R.C. 2744.03(A)(6) provides immunity to an employee of a political subdivision unless an exception found within R.C. 2744.03(A)(6)(a) through (c) applies. Under R.C. 2744.03(A)(6), an employee of a political subdivision is immune from liability unless: (1) the employee's acts or omissions are manifestly outside the scope of the employee's employment or official responsibilities; (2) the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton and reckless manner; or (3) civil liability is expressly imposed on the employee by a section of the Revised Code. Civil

liability shall not be construed to exist under another section of the Revised Code merely because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because that section uses the term "shall" in a provision pertaining to an employee.

*R.C. 2744.03(A)(6)(2) – Wanton and Reckless Manner*

**{¶28}** The trial court found, in construing the allegations in a light most favorable to appellees, there were sufficient facts from which, if proven, from which a reasonable person could find Davis acted in a wanton or reckless manner. We agree.

**{¶29}** "Wanton misconduct" is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability harm will result. *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266. "Reckless conduct" is defined as being characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct. *Id.*

**{¶30}** In their complaint, appellees alleged that: Tim and Karen Thompson met with Davis and expressed their concern to him about Altier's harassment and torment of J.T.; Davis told them he would monitor Altier to ensure J.T.'s safety; Davis took no further action to report this harassment and threats; and Davis acted recklessly and with wanton disregard in failing to exercise reasonable supervision over Altier when he transported students to his private residence and left the students unattended for a significant period of time notwithstanding his prior knowledge of Altier's propensity to be violent and aggressive to J.T.

{¶31} Appellants argue the complaint fails to allege facts to demonstrate Davis acted in a wanton or reckless manner. We recognize appellees' obligation "to provide the grounds for their entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Schaad v. Buckeye Valley Local School District Bd. of Education*, 5th Dist. Delaware No. 15 CAE 08 0063, 2016-Ohio-569, quoting *Parsons v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 93523, 2010-Ohio-266. However, "because Ohio is a notice-pleading state, the plaintiff need not prove his or her case at the pleading stage." *Id.*, quoting *Scott v. Columbus Dept. of Pub. Utils.*, 10th Dist. Franklin No. 10AP-391, 2011-Ohio-677. Furthermore, issues regarding whether an actor's conduct was wanton or reckless are generally for the jury to decide. *Id.*

{¶32} Upon review and construing the allegations of the complaint as true and all reasonable inferences to be drawn therefrom in a light most favorable to appellees, we find appellees at this stage have sufficiently alleged, at minimum, that appellees engaged in wanton or reckless conduct.

*Civil Liability – R.C. 2744.03(A)(6)(3)*

{¶33} The trial court also found appellees alleged sufficient facts that, if true, may create an exception to Davis' immunity pursuant to R.C. 2744.03(A)(6)(3) and R.C. 2151.421(A)(1)(a) and (M).

{¶34} When interpreting statutes, we must give words their ordinary and natural meaning unless a different interpretation appears in the statute. *Layman v. Woo*, 78 Ohio St.3d 485, 678 N.E.2d 1217 (1997). The Ohio Supreme Court has held that the term "expressly" as used under R.C. 2744.02(B)(5) means "in direct or unmistakable terms; in

an express manner; explicitly; definitely; directly." *Butler v. Jordan*, 92 Ohio St.3d 354, 2001-Ohio-204, 750 N.E.2d 554. A general imposition of liability is not sufficient to impose liability. *Id.*

**{¶35}** The Ohio Supreme Court has held that the use of the term "person" is too general to impose liability on the employee of a subdivision. *Cramer v. Auglaize Acres*, 113 Ohio St.3d 266, 2007-Ohio-1946, 865 N.E.2d 9. R.C. 2151.421(M) imposes civil liability for compensatory and exemplary damages on "whoever violates division (A) of this section." Unlike a political subdivision or board of education, R.C. 2151.421(A) does expressly list a "school teacher" or "school employee" as those persons required to report. Thus, within the meaning of R.C. 2744.03(A)(6)(c), R.C. 2151.421 expressly imposes liability on a school teacher or school employee for the failure to perform the duty to report known or suspected child abuse.

**{¶36}** In their complaint, appellees assert their claims against Davis "individually and/or his official capacity as teacher." Appellees further aver that Davis, acting as a school employee, owed a statutory duty pursuant to R.C. 2151.421 to report suspected child abuse and neglect to the appropriate authorities and he breached this duty by failing to timely and appropriately report the child abuse. Accordingly, appellees have alleged sufficient facts that, if true, may create an exception to Davis' immunity pursuant to R.C. 2744.03(A)(6)(3).

**{¶37}** Appellants' second assignment of error is overruled.

                                        III.

**{¶38}** In their third assignment of error, appellants argue the trial court erred in failing to determine that Davis had been sued in his official capacity only. We disagree.

**{¶39}** Appellants maintain that generally, under R.C. Chapter 2744, an action against an officeholder or employee in his or her official capacity is considered an action against the political subdivision he or she represents, and the officeholder in such an action is entitled to immunity from liability under the R.C. 2744.02 political subdivision immunity analysis.  See *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, 927 N.E.2d 585.  Thus, if the allegations are directed against the holder of an office in his official capacity, it is the equivalent of suing the political subdivision itself.  *Id.*  Appellants herein contend when a complaint alleges claims against a political subdivision officeholder or employee, the trial court must make an initial capacity determination. Appellants maintain since the Buckeye appellants are immune from liability, the alleged lack of an individual capacity orientation in the complaint means appellant Davis is likewise immune from liability.  Essentially, appellants argue that because Davis was acting in his official capacity as an employee of the board, the exceptions to immunity under R.C. 2744.03(A)(6) do not apply to him.

**{¶40}** Our review of the record indicates the original complaint does contain specific language to denote appellant Davis is being sued in his individual capacity.  The caption of the complaint lists Davis "individually, and/or in his official capacity as a teacher" and, in paragraph eight of the complaint, appellees allege that "at all times relevant herein, defendant John Davis ("Defendant Davis") was a person acting individually and/or within the course and scope of his employment as a teacher with Defendants."  Furthermore, the request for punitive damages suggests Davis is being sued as an individual as well, as punitive damages cannot be awarded against a political

subdivision performing a governmental function. *Schaad v. Buckeye Valley Local School District Board of Education*, 5th Dist. Delaware No. 15 CAE 08 0063, 2016-Ohio-569.

**{¶41}** Finally, in order to determine in what capacity a plaintiff has sued a defendant, courts may examine both the complaint and the "course of proceedings." *UAP-Columbus JV326132 v. Young*, 10th Dist. Franklin No. 11AP-926, 2012-Ohio-2471. Accordingly, we find no reversible error in the trial court's lack of determination at this juncture that appellant is being sued only in his official capacity. See *Schaad v. Buckeye Valley Local School District Board of Education*, 5th Dist. Delaware No. 15 CAE 08 0063, 2016-Ohio-569; *Moss v. Lorain County Bd. of Mental Retardation*, 9th Dist. Lorain No. 09CA009550, 2009-Ohio-6931.

**{¶42}**  Appellants' third assignment of error is overruled.

{¶43}   Based on the foregoing, we sustain appellants' first assignment of error and overrule appellants' second and third assignments of error.  The July 20, 2015 judgment entry of the Tuscarawas County Court of Common Pleas is affirmed in part and reversed and remanded in part for further proceedings in accordance with this opinion.

By Gwin, J., and

Delaney, J., concur

Farmer, P.J., dissents

*Farmer, P.J., dissents*

{¶44} I respectfully dissent from the majority's view that R.C. 2151.421(A) is applicable against appellant Davis. R.C. 2151.421 is specifically included in R.C. Chapter 2151 which governs Juvenile Courts, and mandates the reporting of "injury," "neglect," or "abuse" by certain persons:

> (A)(1)(a) No person described in division (A)(1)(b) of this section who is acting in an official or professional capacity and knows, or has reasonable cause to suspect based on facts that would cause a reasonable person in a similar position to suspect, that a child under eighteen years of age or a mentally retarded, developmentally disabled, or physically impaired child under twenty-one years of age has suffered or faces a threat of suffering any physical or mental wound, injury, disability, or condition of a nature that reasonably indicates abuse or neglect of the child shall fail to immediately report that knowledge or reasonable cause to suspect to the entity or persons specified in this division.***

{¶45} Within R.C. Chapter 2151, "abused child" is specifically defined in R.C. 2151.031 as follows:

> (A) Is the victim of "sexual activity" as defined under Chapter 2907. of the Revised Code, where such activity would constitute an offense under

that chapter, except that the court need not find that any person has been convicted of the offense in order to find that the child is an abused child;

(B) Is endangered as defined in section 2919.22 of the Revised Code, except that the court need not find that any person has been convicted under that section in order to find that the child is an abused child;

(C) Exhibits evidence of any physical or mental injury or death, inflicted other than by accidental means, or an injury or death which is at variance with the history given of it. Except as provided in division (D) of this section, a child exhibiting evidence of corporal punishment or other physical disciplinary measure by a parent, guardian, custodian, person having custody or control, or person in loco parentis of a child is not an abused child under this division if the measure is not prohibited under section 2919.22 of the Revised Code.

(D) Because of the acts of his parents, guardian, or custodian, suffers physical or mental injury that harms or threatens to harm the child's health or welfare.

{¶46} I fail to find the harassment or threats of one minor against another minor is contemplated by R.C. 2151.421 or requires a duty to report. If that was the case, persons identified in R.C. 2151.421(A)(1)(b) i.e., school teachers, school employees, etc., would be required to report every random threat overheard in a school hallway, cafeteria, gymnasium, parking lot, etc., subjecting a principal's office or an agency to a never-ending barrage of reports. I do not find the statute should be extended in such a manner.

{¶47} I would find the trial court erred in not dismissing the fifth cause of action against appellant Davis.