[Cite as *Carswell v. Akron*, 2019-Ohio-4444.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| LISA CARSWELL, et al. | | C.A. No. 29321 |
|---|---|---|
| Appellees | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CITY OF AKRON, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants | | CASE No. CV-2018-05-2026 |

DECISION AND JOURNAL ENTRY

Dated: October 30, 2019

SCHAFER, Judge.

**{¶1}** Defendant-Appellant, City of Akron, appeals the decision of the Summit County Court of Common Pleas denying its motion for judgment on the pleadings asserting statutory immunity. For the reasons that follow, this Court affirms.

I.

**{¶1}** On August 25, 2017, Plaintiff-Appellee, Lisa Carswell's, son sustained a fatal gunshot wound to the head while seated in the back of a police cruiser. The claims in this matter arise from the circumstances surrounding his death. On May 10, 2018, Ms. Carswell filed a complaint for wrongful death both in her capacity as administrator of her son's estate and individually, as his mother. The complaint asserted six claims against the City, captioned as follows: count one, wrongful death; count two, loss of consortium; count three, survival action; count four, spoliation of evidence; count seven, state civil rights; count eight, liability for punitive damages. The complaint also asserted claims against the Akron Police Department and

named as defendants, in both their individual and official capacities, thirteen officers of the Akron Police Department; however, none of these claims or parties are at issue in the present appeal.

{¶2} Counsel for the City filed a notice of appearance on June 11, 2018, and also noticed removal of the matter to the federal district court. The district court remanded for lack of jurisdiction. Upon remand, the City filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). Ms. Carswell opposed the motion.

{¶3} On January 23, 2019, the trial court issued an order granting the motion, in part, and denying the motion on the claims at issue in this appeal. In declining to grant judgment based on political subdivision immunity, the trial court held that the facts of the complaint were "sufficiently pled to overcome a motion for judgment on the pleadings, such that an exception may apply to remove [the City]'s immunity."

{¶4} The City appealed the trial court's denial of the its motion raising one assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred by denying the City[]'s motion for judgment on the pleadings based on the doctrine of political subdivision immunity[.]**

{¶5} The City contends that it is immune under R.C. Chapter 2744 and that the trial court erred in denying its motion for judgment on the pleadings.

{¶6} Civ.R. 12(C) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings pursuant to Civ.R. 12(C) is properly characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted; therefore, the

same standard applies to both motions. *Business Data Sys., Inc. v. Figetakis*, 9th Dist. Summit No. 22783, 2006-Ohio-1036, ¶ 7. "Civ.R. 12(C) presents an onerous burden for litigants and consequently, a trial court must be circumspect in its analysis of Civ.R. 12(C) motions." *Id*. at ¶ 10. The trial court must limit its inquiry to the material allegations in the pleadings—accepting those allegations and all reasonable inferences as true—and, if it is clear from the pleadings that plaintiff could prove no set of facts which would entitle him to relief, judgment on the pleadings is appropriate as a matter of law. *Gawloski v. Miller Brewing Co.*, 96 Ohio App.3d 160, 163 (9th Dist.1994).

{¶7} Because a Civ.R. 12(C) motion presents only questions of law, our review of the decision is de novo. *White v. King*, 147 Ohio St.3d 74, 2016-Ohio-2770, ¶ 13 (2016). "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4. Ordinarily, "a judgment overruling a motion for judgment on the pleadings is not a final appealable order." *Thompson v. Buckeye Joint Vocational School Dist.*, 5th Dist. Tuscarawas No. 2015 AP 08 0047, 2016-Ohio-2804, ¶ 13. However, R.C. 2744.02(C) provides that "[a]n order that denies a political subdivision * * * the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." There is no dispute the City is a political subdivision of the state of Ohio. Because the denial of the motion effectively denied the City the benefit of the political subdivision immunity, it is a final order. *Hubbell v. City of Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, ¶ 2. Our review is limited to the alleged errors in the portion of the trial court's decision which denied the political subdivision the benefit of immunity; and this Court lacks jurisdiction to address any other interlocutory

rulings the trial court made. *Owens v. Haynes*, 9th Dist. Summit No. 27027, 2014-Ohio-1503, ¶ 8, quoting *Makowski v. Kohler*, 9th Dist. Summit No. 25219, 2011-Ohio-2382, ¶ 7-8.

{¶8} Ohio's Political Subdivision Tort Liability Act, which governs political subdivision liability and immunity, is codified in Chapter 2744 of the Revised Code. A court engages in a three-tiered analysis to determine whether a political subdivision is immune from liability for damages in a civil action. *Moss v. Lorain Cty. Bd. of Mental Retardation*, 9th Dist. Lorain No. 13CA010335, 2014-Ohio-969, ¶ 10. The first tier establishes generally that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision * * * in connection with a governmental or proprietary function." R.C. 2744.02(A)(1); *Moss* at ¶ 10. In the second tier, we consider the applicability of any of the five exceptions to immunity listed in R.C. 2744.02(B)(1)-(5). If any of those exceptions apply, we move to the third tier to consider whether immunity can be restored based on the defenses enumerated in R.C. 2744.03. *Id.*

{¶9} Relevant to this appeal, the City claimed in the motion for judgment on the pleadings that it was immune from liability under R.C. 2744.02(A) as to all counts of the complaint excluding the claim for spoliation of evidence. Presumably referencing R.C. 2744.02(B)(2), the City asserted that "[t]he only exception that could possibly apply in this case is the one relating to the performance of a proprietary function." R.C. 2744.02(B)(2) provides an exception to a political subdivision's immunity when the injury is "caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." On that basis, the City argued that all claims against it related to governmental functions and, therefore, it was immune from liability without exception.

{¶10} The trial court disagreed with the City's summary conclusion that R.C. 2744.02(B)(2) was the only plausible, yet still inapplicable, exception to immunity. The trial court focused on another exception, asserted by Ms. Carswell in her brief in opposition, and found that the "automobile exception" of R.C. 2744.02(B)(1) could potentially apply. R.C. 2744.02(B)(1) provides that "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority." However, the trial court ultimately concluded that it was unable to determine, based on the pleadings, whether political subdivision immunity would preclude Ms. Carswell from proving any set of facts in support her claims that would entitle her to relief.

{¶11} In its merit brief on appeal, the City contends that the automobile exception of R.C. 2744.02(B)(1) does not provide an exception to immunity based on the claims alleged in this matter because Ms. Carswell "not only failed to properly allege in her [c]omplaint that the Defendants negligently operated a motor vehicle, but also failed to allege that such negligence *caused* the death of [her son]." (Emphasis sic.) The City argues that the trial court improperly determined that R.C. 2744.02(B)(1) is the "relevant" exception, and "erred in finding that [Ms. Carswell] ple[d] sufficient facts to reinstate liability on the [City]" based on that exception.

{¶12} The trial court did not reach a conclusion as to whether the automobile exception of R.C. 2744.02(B)(1) provided an exception to the City's claimed immunity. As discussed above, the trial court merely made a provisional determination that the pleadings did not conclusively demonstrate that the City was immune without an exception. We need not reach the issue of the applicability of R.C. 2744.02(B)(1) because, regardless of the basis cited by the trial court for denying the motion, "our review is limited to whether the complaint fails to

establish that [Ms. Carswell] could prove any set of facts entitling [her] to the requested relief[.]" *Rogers v. Akron City School Sys.*, 9th Dist. Summit No. 23416, 2008-Ohio-2962, ¶ 16. To show that the trial court erred by denying its motion for judgment on the pleadings, the City must point to "factual allegations in the complaint that show, beyond a doubt, that it is entitled to political-subdivision immunity due to the inapplicability of the R.C. 2744.02(B)(2) exception." *DSS Services, LLC v. Eitel's Towing, LLC*, 10th Dist. Franklin No. 18AP-567, 2019-Ohio-3158, ¶ 27.

{¶13} "Statutory immunity, including political-subdivision immunity, is an affirmative defense," which must be asserted in a responsive pleading. *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, ¶ 17, citing *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 98 (1999). Although a political subdivision may utilize Civ.R. 12(C) to seek dismissal of a complaint on the basis of statutory immunity, a motion for judgment on the pleadings is an appropriate means "to obtain an adjudication of the validity of the affirmative defense [only if] that validity can be determined solely from the allegations in the pleadings." *Epperly v. Medina City Bd. of Edn.*, 64 Ohio App.3d 74, 75-76, (9th Dist.1989). However, "the assertion of an affirmative defense does not place a burden on the non-moving party to affirmatively demonstrate or plead the absence of, or any exception to, immunity." *Ganzhorn v. R & T Fence Co.*, 11th Dist. Portage No. 2010-P-0059, 2011-Ohio-6851, ¶ 13. Pursuant to Civ.R. 8(A), a plaintiff must plead a short and plain statement of the claims showing that he is entitled to relief, and "the complaint must [] set forth operative facts to give the opposing party 'fair notice of the nature of the action.'" *Vagas v. City of Hudson*, 9th Dist. Summit No. 24713, 2009-Ohio-6794, ¶ 10, quoting *Mogus v. Scottsdale Ins. Co.*, 9th Dist. Wayne Nos. 03CA0074, 04CA0002, 2004-Ohio-5177, ¶ 15. There is no "heightened pleading

requirement" that would require Ms. Carswell to allege specific exceptions to immunity when bringing suit against a political subdivision. *Rogers* at ¶ 17.

{¶14} A plaintiff is under no obligation to prove his case in the initial pleadings and "'need not affirmatively dispose of the immunity question altogether at the pleading stage.'" *Chunyo v. Gauntner*, 9th Dist. Summit No. 28346, 2017-Ohio-5555, ¶ 10, quoting *Scott v. Columbus Dept. of Pub. Utils.*, 192 Ohio App.3d 465, 2011-Ohio-677, ¶ 8 (10th Dist.) (concluding that requiring a plaintiff to demonstrate an exception to immunity at the pleading stage would be tantamount to "requiring a plaintiff to overcome a motion for summary judgment at the pleading stage."). "If the plaintiff were required to prove his or her case in the complaint, many valid claims would be dismissed because of the plaintiff's lack of access to relevant evidence." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). Furthermore, while it stands to reason that in most instances a political subdivision will raise the affirmative defense of immunity, to require a plaintiff to plead in anticipation of that defense would essentially disregard the possibility that a political subdivision might waive the immunity defense. *See Supportive Solutions* at ¶ 19 ("[A] political subdivision waives its statutory-immunity defense, just like other affirmative defenses, if it does not timely assert it.") Plainly stated, a plaintiff does not have to plead or prove the absence of an affirmative defense in order to avoid judgment on the pleadings. *See Chaffee Chiropractice Clinic, Inc. v. Stiffler*, 9th Dist. Wayne No. 16AP0033, 2017-Ohio-7790, ¶ 13.

{¶15} The City's contention that Ms. Carswell failed to plead or demonstrate an exception to their claimed immunity is without merit. Per our review of the record, it appears that Ms. Carswell's complaint did not specifically contemplate the affirmative defense of political subdivision immunity, nor was she required to "anticipate a political subdivision['s]

defenses and plead specific facts to counteract a possible affirmative defense of sovereign immunity." *Hitchcock v. Akron City Schools Bd. of Education*, 9th Dist. Summit No. 23632, 2008-Ohio-2668, ¶ 13. Further, the record is unclear as to whether the City even raised the affirmative defense of immunity in an answer to the complaint[1], as was a prerequisite to asserting it in the motion for judgment on the pleadings. *See Supportive Solutions* at ¶ 17-19. The pleadings in this matter simply do not provide the relevant factual allegations that would be necessary to determine whether the City is entitled to R.C. Chapter 2744.02 immunity. *See Clardy v. Medina Twp. Bd. of Trustees*, 9th Dist. Medina No. 17CA0075-M, 2018-Ohio-2545, ¶ 11.

{¶16} This Court concludes that the City failed to show beyond a doubt that the pleadings show that Ms. Carswell could prove no set of facts that would allow her to overcome the affirmative defense of immunity and entitle her to relief. Because the City failed to demonstrate that the pleadings conclusively established the applicability of political subdivision immunity without exception, we cannot conclude that the trial court erred by declining to enter judgment based upon the pleadings. The City's assignment of error is overruled.

III.

{¶17} The City's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

[1] Although the transcript of the docket from the district court indicates that the City filed an answer to the complaint while the matter was removed to that court, the trial court record does not include a responsive pleading from the City.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

EVE V. BELFANCE, Director of Law, and MICHAEL J. DEFIBAUGH and JOHN CHRISTOPHER REECE, Assistant Directors of Law, for Appellant.

LAURA L. MILLS, Attorney at Law, for Appellee.