DECISION AND JOURNAL ENTRY
{¶ 1} Defendants/Appellants Akron City School System ("School System") and Brenda Lindsay appeal the trial court's denial of their motion for judgment on the pleadings. We affirm.
 {¶ 2} On May 4, 2006, Plaintiffs/Appellees, Angelo Rogers and Latoria Weaver, filed a complaint for civil battery, intentional infliction of emotional duress, negligence, negligent infliction of emotional duress, loss of consortium, and punitive damages against the School System and Lindsay. The complaint arose from conduct that occurred on February 27, 2006, when it was asserted that Lindsay, a schoolteacher at Crouse Magnet School for Math and Applied Science ("Crouse"), "negligently grabbed and choked [Rogers, a student at Crouse,] about the neck and shoved him back in the lunch line in front of his first grade class causing serious physical injury to" Rogers.
 {¶ 3} On June 8, 2006, the School System moved for judgment on the pleadings arguing that: (1) the School System is not an entity capable of being sued; (2) the Akron City *Page 2 
School District Board of Education ("School Board") is statutorily immune from intentional tort claims; (3) the School Board is statutorily immune from the asserted negligence claims; (4) Rogers and Weaver failed to comply with the pleading requirements necessary to defeat the School Board's statutory immunity; and (5) the School Board is statutorily immune from punitive damage and attorney fee/cost claims. The School System's motion for judgment on the pleadings also argued that Lindsay is statutorily immune from all claims. The School System's answer to the complaint asserted affirmative defenses that the School System is not an entity capable of being sued and that the School Board and Lindsay are entitled to the benefits of statutory immunity.
 {¶ 4} On June 15, 2006, Rogers and Weaver "[took] leave to file an amended complaint" and on July 13, 2006, the amended complaint was filed. The amended complaint was identical to the complaint except that it renamed defendant School System as "Akron City Schools Board of Education." The amended complaint did not make any assertions against the School Board.
 {¶ 5} On July 13, 2006, Rogers and Weaver filed their memorandum in opposition to the School System and Lindsay's motion for judgment on the pleadings. Rogers and Weaver argued that the School System and Lindsay failed to support their argument that they were immune from liability based on R.C. 2744.03(A)(3) and (5).
 {¶ 6} On July 25, 2006, the trial court ordered the parties to file briefs on the issue of whether the complaint alleges "any cause of action against either the [School System] or [the School Board]." Both parties filed briefs accordingly. The School System argued that no claim had been alleged against the School Board as the amended complaint simply changed the party name in the caption and not the allegations of the complaint, and that the School System is *Page 3 
incapable of being sued. Rogers and Weaver argued that its failure to change the name School System in the amended complaint to School Board was a "mere oversight" and that the School System, School Board, and Lindsay were on notice that the claims of the amended complaint were being actually being asserted against the School Board.
 {¶ 7} On August 31, 2006, the trial court granted the School Board judgment on the pleadings, but denied Lindsay's motion for judgment on the pleadings ("Judgment Entry"). The School System and Lindsay appealed the Judgment Entry on September 26, 2006, and on December 27, 2006, we dismissed the appeal for lack of a final appealable order. The School System and Lindsay appealed the dismissal to the Supreme Court of Ohio and on October 10, 2007, the Supreme Court reversed our December 27, 2006 entry and remanded the matter for a "de novo review of the law and facts." In re Ohio Political Subdivision Immunity Cases,115 Ohio St.3d 448, 2007-Ohio-5252, at ¶ 2, 4.
 {¶ 8} The School System and Lindsay appeal the Judgment Entry and raise two assignments of error.
 Assignment of Error Number One "The trial court erred by failing to enter judgment on the pleadings with respect to [the School System]."
 {¶ 9} The School System and Lindsay assert that the trial court erred in failing to grant it judgment on the pleadings because the School System is not an entity that is capable of being sued.
 {¶ 10} The School System was renamed as the School Board in the amended complaint. Thus, the finding by the trial court in the Judgment Entry that "Defendants' motion for judgment on the pleadings is granted as to Defendant Akron City Schools Board of Education" dismissed the claims against both the School Board and the School System. The School System and *Page 4 
School Board were never separate parties to the action. Accordingly, the trial court did not err in failing to enter judgment on the pleadings with respect to the School System as there were no claims against the School System left pending at the time the Judgment Entry was issued. The only claims before the trial court were those against Lindsay, the resolution of which is addressed in our discussion of the second assignment of error.
 {¶ 11} The first assignment of error is overruled.
 Assignment of Error Number Two
"The trial court erred by failing to enter judgment on the pleadings with respect to [Lindsay]."
 {¶ 12} The School System and Lindsay argue that Lindsay is immune from liability under R.C. 2744.03(A)(6) and that none of the three statutory exceptions to immunity set forth therein apply. Accordingly, Lindsay maintains, the trial court erred in denying her motion for judgment on the pleadings.
 {¶ 13} In Pinkerton v. Thompson (2007), 174 Ohio App.3d 229,2007-Ohio-6546, at ¶ 18, we set forth the standard of review to apply when a trial court denies a motion for judgment on the pleadings.
 "A Civ. R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ. R. 12(B)(6) motion for failure to state a claim upon which relief may be granted, and the same standard of review is applied to both motions. The trial court's inquiry is restricted to the material allegations in the pleadings. Furthermore, the trial court must accept material allegations in the pleadings and all reasonable inferences as true. This court reviews such motions under the de novo standard of review. We will not reverse a trial court's denial of a Civ. R. 12(C) motion unless when all the factual allegations of the complaint are presumed true and all reasonable inferences are made in favor of the nonmoving party, it appears beyond doubt that the nonmoving party cannot prove any set of facts entitling him to the requested relief." (Internal citations omitted) Pinkerton at ¶ 18.
 {¶ 14} In the complaint, Rogers and Weaver asserted claims for battery, intentional infliction of emotional distress, negligence, negligent infliction of emotional distress, and loss of *Page 5 
consortium against Lindsay. Rogers and Weavers asserted that Lindsay "willfully, wantonly, recklessly and negligently grabbed and choked [Rogers] about the neck and shoved him back in the lunch line * * * causing serious physical injuries to [Rogers]." The complaint further states that "at all times relevant herein," Lindsay "was employed by the [School System] as a K through 5 teacher at [Crouse]." The complaint was served upon Lindsay at Crouse.
 {¶ 15} In her motion for judgment on the pleadings, Lindsay maintained that because she was sued in her "official capacity only,"[1] Rogers and Weavers were limited to recovering damages only from the entity for which Lindsay was an agent, i.e., the School System. Lindsay further asserted that she was statutorily immune from all intentional tort claims (battery and intentional infliction of emotional duress) and from "the asserted negligence claims, i.e., simple negligence and negligent infliction of emotional duress." Lindsay also maintained that the loss of consortium, punitive damages and attorney fee claims were merely derivative of the others and must also be dismissed. Lindsay finally argued that Rogers and Weavers failed to specifically plead facts which would defeat the Lindsay's immunity.
 {¶ 16} Accepting the material allegations in the complaint and all reasonable inferences as true, we cannot say that the trial court erred in denying Lindsay's motion for judgment on the pleadings to the extent Lindsay acted as set forth in R.C. 2744.03(A)(6). Lindsay would not be immune from suit if Rogers and Weaver could demonstrate any of the three exceptions set forth in R.C. 2744.03(A)(6): (a) for an employee's acts "manifestly outside the scope of the *Page 6 
employee's employment or official responsibilities;" (b) for an employee's acts or omissions done "with malicious purpose, in bad faith, or in a wanton or reckless manner;" or (c) where "liability is expressly imposed upon the employee by a section of the Revised Code." We do not need to reach the issue of whether Lindsay was immune pursuant to R.C. 2744.03, however, because our review is limited to whether the complaint fails to establish that Rogers and Weavers could prove any set of facts entitling them to the requested relief, assuming that the material allegations in the pleadings and all reasonable inferences as true.Pinkerton at ¶ 18.
 {¶ 17} Lindsay urged the trial court to grant her motion because the complaint failed to assert specific facts to establish any of the three exceptions of R.C. 2744.03(A)(6) thereby defeating Lindsay's immunity, citing Hodge v. City of Cleveland (Oct. 22, 1998), 8th Dist. No. 72283, for that proposition. We decline to hold that there is a heightened pleading requirement upon a plaintiff when bringing suit against an employee of a political subdivision. Neither does the non-binding caseof Hodge imply that such a pleading requirement exists. InHodge, the 8th District Court of Appeals affirmed the trial court's dismissal of claims against two city employees because plaintiffs had failed to make any specific allegations against the employees. Id. at *3. Specifically, the Hodge court held that the complaint "did not allege any operative facts whatsoever concerning [the employee]: for example, it did not even allege that he had a position or any responsibility for hiring or supervising employees of Cleveland, did not assert that he was an employee at the recreation center, and did not identify or refer to any act or omission by him." Id. at *6. In other words, the complaint failed to meet the basic pleading requirements of Civ. R. 8(A). See id. at *7.
 {¶ 18} The complaint at issue in the case before us does not suffer from such infirmities. It asserts that Lindsay was employed by the School System and asserts that she "willfully, *Page 7 
wantonly, recklessly and negligently" grabbed, choked and shoved Rogers causing him serious physical injury. This is sufficient to survive a motion for judgment on the pleadings as Lindsay could be liable if she was acting manifestly outside the scope of her employment and/ or with "malicious purpose, in bad faith, or in a wanton or reckless manner." R.C. 2744.03(A)(6)(b).
 {¶ 19} Absent any other authority for the proposition that a plaintiff must anticipate a political subdivision's defenses and plead specific facts to counteract a possible affirmative defense of sovereign immunity, we hold that the trial court did not err in denying the motion for judgment on the pleadings. The complaint meets Civ. R. 8(A) requirements and does not show that Rogers and Weavers cannot prove any set of facts entitling them to the requested relief. Pinkerton at ¶ 18.
 {¶ 20} The second assignment of error is overruled.
 {¶ 21} Each of the School System and Lindsay's assignments of error is overruled and the judgment of the trial court is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is *Page 8 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. Costs taxed to Appellants.
CARR, P. J. MOORE, J. CONCUR
[1] We note that Lindsay was sued in both her individual and official capacity.