[Cite as *Chunyo v. Gauntner*, 2017-Ohio-5555.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| SANDOR CHUNYO | | C.A. No. 28346 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| HEIDI L. GAUNTNER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CV-2016-04-1770 |

DECISION AND JOURNAL ENTRY

Dated: June 28, 2017

SCHAFER, Judge.

**{¶1}** Defendant-Appellant, Heidi L. Gauntner, appeals the judgment of the Summit County Court of Common Pleas denying her Civ.R. 12 (C) motion for judgment on the pleadings in a civil lawsuit filed by Plaintiff-Appellee, Sandor Chunyo. We affirm.

I.

**{¶2}** In 2016, Chunyo was a student attending Hudson High School, where Gauntner is employed as a teacher. On March 8, 2016, Gauntner entered the classroom of another teacher to discuss with students the opportunity to attend a trip abroad. Chunyo alleges that upon informing Gauntner that he would not participate in the trip for financial reasons, Gauntner, a purported martial arts expert, approached him while he was seated, took hold of his jaw, squeezed his face, and forced his head backwards. Chunyo also alleges that Gaunter made threatening comments to him and informed him that she was not afraid of losing her job.

Chunyo claims that Gauntner's actions caused him to suffer lasting physical, mental, emotional, and social damage.

{¶3} On April 6, 2016, Chunyo filed a complaint against Gauntner in the Summit County Court of Common Pleas. Chunyo subsequently filed an amended complaint. Gauntner filed an answer denying the allegations sets forth in Chunyo's amended complaint. On June 29, 2016, Gauntner filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C) arguing that, pursuant to R.C. 2744.03(A)(6), she is immune from liability due to her status as a political subdivision employee. Chunyo filed a brief in opposition to Gauntner's Civ.R. 12(C) motion. On August 17, 2016, the trial court issued a journal entry denying Gauntner's Civ.R. 12(C) motion for judgment on the pleadings.

{¶4} Gauntner filed this interlocutory appeal and raises one assignment of error for this Court's review.

## II.

### Assignment of Error

**The trial court erred in denying Defendant Heidi L. Gauntner the benefits of statutory immunity under R.C. Chapter 2744.**

{¶5} In her sole assignment of error, Gauntner argues that the trial court erred by denying her Civ.R. 12(C) motion for judgment on the pleadings because, as an employee of a political subdivision, she is immune from civil liability pursuant to R.C. Chapter 2744. We disagree.

### A. Jurisdiction

{¶6} This Court initially questions its jurisdiction to consider the instant appeal. When jurisdiction appears uncertain, a court of appeals must raise issues of jurisdiction sua sponte. *Kouns v. Pemberton*, 84 Ohio App.3d 499, 501 (4th Dist.1992), citing *In re Murray*, 52 Ohio

St.3d 155, 159, fn. 2 (1990). "Generally, a judgment overruling a motion for judgment on the pleadings is not a final appealable order." *Thompson v. Buckeye Joint Vocational School Dist.*, 5th Dist. Tuscarawas No. 2015 AP 08 0047, 2016-Ohio-2804, ¶ 13, citing *Paul C. Harger Trust v. Morrow Cty. Regional Planning Comm.*, 5th Dist. Morrow No. 03-CA-19, 2004-Ohio-6643, ¶ 24. However, "[a]ny order of the trial court that denies a political subdivision and its employees the benefit of immunity is a final order." *Moss v. Lorain Cty. Bd. of Mental Retardation*, 9th Dist. Lorain No. 09CA009550, 2009-Ohio-6931, ¶ 7, citing R.C. 2744.02(C) and *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, ¶ 2. "An order denying a motion for judgment on the pleadings filed by a political subdivision or its employees is a final, appealable order." *Id.*, citing *Sullivan v. Anderson Twp.*, 122 Ohio St.3d 83, 2009-Ohio-1971, ¶ 3-4, 13. Thus, because it is undisputed that Gauntner is an employee of a political subdivision given her status as a public school teacher, we conclude that the trial court's denial of her Civ.R. 12(C) motion for judgment on the pleadings is a final appealable order and that this Court has jurisdiction to consider the merits of the present appeal.

**B. Standard of Review**

{¶7} A motion for judgment on the pleadings is analogous to a delayed motion to dismiss an action for failure to state a claim. *Cashland Fin. Servs., Inc. v. Hoyt*, 9th Dist. Lorain No. 12CA010232, 2013-Ohio-3663, ¶ 7, citing *Pinkerton v. Thompson*, 174 Ohio App.3d 229, 2007-Ohio-6546, ¶ 18 (9th Dist.). Thus, this Court applies a de novo standard of review to a trial court's ruling on a motion for judgment on the pleadings, affording no deference to the trial court. *Id.*, citing *Moss* at ¶ 8. Our review is strictly confined to the parties' pleadings, "accepting all factual allegations in the plaintiff's complaint as true, and making all reasonable inferences in favor of the nonmoving party." *Moss* at ¶ 8, quoting *Dunfee v. Oberlin School*

*Dist.*, 9th Dist. Lorain No. 08CA009497, 2009-Ohio-3406, ¶ 6. "Judgment on the pleadings is appropriate if it is clear that the nonmoving party can prove no set of facts that would entitle that party to relief." *Id*., quoting *Dunfee* at ¶ 6

### C. Immunity from Political Subdivision Tort Liability

{¶8}    R.C. 2744.03(A) sets forth certain defenses or immunities that may be asserted to establish non-liability in a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function.  In the present case, Gauntner, who is undisputedly an employee of a political subdivision, *see* R.C. 2744.01(B) and 2744.01(F), cites to R.C. 2744.03(A)(6), which states as follows:

> In a civil action brought against * * * an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, * * * the employee is immune from liability unless one of the following applies:
>
> (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
>
> (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
>
> (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code.  Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term "shall" in a provision pertaining to an employee.

{**¶9**} "One acts with a malicious purpose if one willfully and intentionally acts with a purpose to cause harm." *Moss* at ¶ 19. "Willful misconduct implies an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposefully doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury." *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012–Ohio–5711, paragraph two of the syllabus. "The term 'bad faith' embraces more than bad judgment or negligence; it is conduct that involves a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud." (Internal quotations and citations omitted.) *Thomas v. Bauschlinger*, 9th Dist. Summit No. 26485, 2013-Ohio-1164, ¶ 22. "Wanton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result." *Anderson* at paragraph three of the syllabus. Meanwhile, "[r]eckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Id.* at paragraph four of the syllabus. "The actor must be conscious that his conduct will in all probability result in injury." *O'Toole v. Denihan,* 118 Ohio St.3d 374, 2008–Ohio–2574, paragraph three of the syllabus. There must be a "perverse disregard of a known risk." *Id.*

## D.  Analysis & Conclusion

{**¶10**} In considering the issue presented in this matter, we recognize that, as the plaintiff, Chunyo's "obligation to provide the grounds for [his] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Schaad v. Buckeye Valley Local School Dist. Bd. of Edn.*, 5th Dist. Delaware No.

15 CAE 080063, 2016-Ohio-569, ¶ 28, citing *Parsons v. Greater Cleveland Regional Transit. Auth.*, 8th Dist. Cuyahoga No. 93523, 2010-Ohio-266, ¶ 11. However, because Ohio is a notice-pleading state, "the plaintiff need not prove his or her case at the pleading stage." *Scott v. Columbus Dept. of Pub. Utils.*, 192 Ohio App.3d 465, 2011-Ohio-677, ¶ 8 (10th Dist.). "Thus, a plaintiff need not affirmatively dispose of the immunity question altogether at the pleading stage." *Id*. (concluding that requiring a plaintiff to demonstrate an exception to immunity at the pleading stage would be tantamount to "requiring a plaintiff to overcome a motion for summary judgment at the pleading stage"). "Instead, a plaintiff must merely allege a set of facts that, if proven true, would plausibly allow for recovery." *Id*. Moreover, we remain mindful that issues regarding whether an actor's conduct was malicious, wanton, reckless, or in bad faith are generally for the trier of fact to decide. *Schaad* at ¶ 28, citing *Gilbert v. Cleveland*, 8th Dist. Cuyahoga No. 99708, 2013-Ohio-5252, ¶ 15.

{¶11} Here, the allegations within Chunyo's amended complaint indicate that Gauntner, a self-described martial arts expert, intentionally and without provocation grabbed Chunyo's jaw, squeezed his face, and pushed his head backwards. Chunyo alleges that Gauntner's actions caused him pain. Chunyo further alleges that during this physical encounter, Gauntner threatened him by stating that she had the ability to physically "get" him anytime she wanted.

{¶12} Accepting these allegations and all reasonable inferences derived therefrom as true, we cannot say that the trial court erred in denying Gauntner's motion for judgment on the pleadings. Chunyo's amended complaint asserts that Gauntner was an employee of Hudson High School on the date in question and asserts that that Gauntner's aforementioned actions "were manifestly outside the scope of her employment or official responsibilities with the Hudson School District within the meaning of R.C. 2744.03(A)(6)(a)." Chunyo's amended

complaint further alleges that Gauntner acted "with a malicious purpose, in bad faith and/or in a wanton or reckless manner within the meaning of R.C. 2744.03(A)(6)(b)." Upon our independent review of the pleadings, we determine that Chunyo's amended complaint satisfies the requirements of Civ.R. 8(A) and does not clearly illustrate that Chunyo can prove no set of facts that would entitle him to relief. *See Rogers v. Akron City School Sys.*, 9th Dist. Summit No. 23416, 2008-Ohio-2962, ¶ 18-19 (concluding that student's complaint alleging various intentional and unintentional torts against teacher was sufficiently pleaded to survive a motion for judgment on the pleadings on the basis of sovereign immunity).

{¶13} Accordingly, Gauntner's assignment of error is overruled.

III.

{¶14} Having overruled Gauntner's sole assignment of error, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MATTHEW JOHN MARKLING, PATRICK VROBEL, and SEAN KORAN, Attorneys at Law, for Appellant.

DEAN S. HOOVER, Attorney at Law, for Appellee.