[Cite as *T.B. v. Summit Cty. Children Servs. Bd.*, 2019-Ohio-3346.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| T.B., et al. | | C.A. No. 28644 |
| Appellees | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| SUMMIT COUNTY CHILDREN SERVICES BOARD, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No. CV-2015-09-4526 |
| Appellants | | |

DECISION AND JOURNAL ENTRY

Dated: August 21, 2019

CARR, Presiding Judge.

{¶1} Defendant-Appellants Summit County Children Services Board ("CSB"), John Saros, Dana Klapper, Darlene Baad, and Dawn Averell appeal from the decision of the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I.

{¶2} In September 2015, Plaintiffs-Appellees T.B., individually, and as the next friend of C.H., and C.W., individually, and as the next friend of R.W., filed an eight-count complaint against CSB, Mr. Saros, Ms. Klapper, Ms. Baad, Ms. Averell, and Roger Ball.

{¶3} T.B. is the mother of C.H. and C.W. is the mother of R.W. At different times, both C.H. and R.W. were placed in the foster home of Ball. During the relevant times, Mr. Saros was the executive director of CSB, Ms. Klapper was a CSB social worker involved with R.W.'s case, Ms. Averell was a CSB social worker assigned to C.H.'s case, and Ms. Baad was Ms. Averell's supervisor. The CSB employees were sued in their individual and official capacities.

**{¶4}** The complaint included allegations that Ball had sexually abused C.H. and C.W. while the children were in his care and that Ball was ultimately charged, tried, and convicted of the assaults. It was also alleged that Mr. Saros, Ms. Klapper, Ms. Averell, and Ms. Baad were informed of the allegations of abuse and failed to take appropriate action pursuant to law.

**{¶5}** CSB, Mr. Saros, Ms. Klapper, Ms. Averell, and Ms. Baad filed a joint motion for summary judgment arguing that they were immune from liability pursuant to Chapter 2744 of the Ohio Revised Code. In support of their motion, they included affidavits of Ms. Klapper, Ms. Averell, and Ms. Baad. T.B. and C.W. opposed the motion and attached several documents in support of their argument, including the jury verdict and sentencing entries in Ball's criminal case, the deposition transcripts of T.B., C.H., C.W., and R.W., a police incident report, and a newspaper article. CSB, Mr. Saros, Ms. Klapper, Ms. Averell, and Ms. Baad filed a reply brief in support of their motion and also filed a motion to strike certain exhibits filed by T.B. and C.W. as improper summary judgment evidence.

**{¶6}** The trial court granted the motion to strike the improper evidence and struck the jury verdict forms, sentencing entry, police report, and newspaper article. Nonetheless, the trial court concluded that conflicts in the evidence presented prevented an award of summary judgment to CSB, Mr. Saros, Ms. Klapper, Ms. Averell, and Ms. Baad on the basis of statutory immunity.

**{¶7}** CSB, Mr. Saros, Ms. Klapper, Ms. Averell, and Ms. Baad have appealed, raising two assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING SUMMIT COUNTY CHILDREN
SERVICES BOARD'S MOTION FOR SUMMARY JUDGMENT.

{¶8}  CSB, Mr. Saros, Ms. Klapper, Ms. Averell, and Ms. Baad argue in their first assignment of error that the trial court erred in denying CSB summary judgment as CSB is immune from liability.  They argue that CSB is immune from liability pursuant to R.C. 2744.02(A) and that no exception under R.C. 2744.02(B) applies.

{¶9}  This Court reviews an award of summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.  *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶10}  Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶11}  The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996).  Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C).  *Id*.  Once a moving party satisfies its burden of supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings.  *Id*. at 293.  Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine

triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶12} "We have * * * *determined that 'CSB is clearly a political subdivision entitled to immunity under R.C. 2744.02(A)(1)[ .]'" *Lindsey v. Summit Cty. Children Servs. Bd.*, 9th Dist. Summit No. 24352, 2009-Ohio-2457, ¶ 28, quoting *Grimm v. Summit Cty. Children Servs. Bd.*, 9th Dist. No. 22702, 2006-Ohio-2411, ¶ 62. "[O]nce immunity has been established pursuant to R.C. 2744.02(A)(1), we turn to the five exceptions to immunity pursuant to R.C. 2744.02(B)(1)-(5) to determine if they apply." *Lindsey* at ¶ 28. "Only after a determination that an exception to immunity applies do we turn to any of the defenses in R.C. 2744.03." *Id.*

{¶13} In the motion for summary judgment, CSB, Mr. Saros, Ms. Klapper, Ms. Averell, and Ms. Baad argued that CSB was immune pursuant to R.C. 2744.02(A)(1) and that none of the exceptions in R.C. 2744.02(B) applied. In response, T.B. and C.W. did not argue that an exception contained in R.C. 2744.02(B) applied; instead, they maintained that R.C. 2744.03(A) allowed for liability.

{¶14} The five exceptions contained in R.C. 2744.02(B) allow for liability

1) when the injury is caused by the negligent operation of a motor vehicle by [the political subdivision's] employees, 2) when the claim arises from the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions[,] 3) when the claim arises from the negligent failure to keep public roads in repair or other negligent failure to remove obstructions from public roads, 4) when the claim arises from the negligence of employees that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function[,] and 5) when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code[.]

(Internal quotations omitted.) *Lindsey* at ¶ 30.

{¶15} We cannot say that any of the exceptions apply given the argument and circumstances before us. *See id.* at ¶ 31 (determining failing to properly investigate a claim of

child abuse does not fall within R.C. 2744.02(B)(5)); *Johnson v. Calhoun*, 9th Dist. Summit No. 23725, 2008-Ohio-549, ¶ 9-10; R.C. 2744.01(C)(2)(o) (defining that the operation of "children's homes or agencies" is a governmental function).

{¶16} T.B. and C.W. asserted below and on appeal that R.C. 2744.03(A)(5) allows for liability. However, "R.C. 2744.03(A)(5) is simply a defense to liability to be raised by the political subdivision should its immunity be lost under R.C. 2744.02(B). As such, it cannot be used to establish liability." *Grimm*, 2006-Ohio-2411, at ¶ 66.

{¶17} Based on the record and arguments before us, we can only conclude that CSB is immune from liability pursuant to R.C. 2744.02(A)(1). Therefore, the trial court erred in denying the motion for summary judgment as it pertained to CSB.

{¶18} The first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY DENYING THE SCCS INDIVIDUAL EMPLOYEES' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' CLAIMS.

{¶19} CSB, Mr. Saros, Ms. Klapper, Ms. Averell, and Ms. Baad argue in their second assignment of error that the trial court erred in failing to grant the CSB employees summary judgment as they were immune from liability pursuant to R.C. 2744.03(A)(6).

{¶20} "Under Section 2744.03(A)(6), a political subdivision employee is immune from liability unless '(a) [t]he employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) [t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;' or '(c) [c]ivil liability is expressly imposed upon the employee by a section of the Revised Code.'" *Baab v. Medina City Schools Bd. of Edn.*, 9th Dist. Summit No. 28969, 2019-Ohio-510, ¶ 9.

**{¶21}** In their motion for summary judgment, CSB, Mr. Saros, Ms. Klapper, Ms. Averell, and Ms. Baad focused on R.C. 2744.03(A)(6)(b) and argued that there was no evidence that the individual CSB employees acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

**{¶22}** "One acts with a malicious purpose if one willfully and intentionally acts with a purpose to cause harm." *Chunyo v. Gauntner,* 9th Dist. Summit No. 28346, 2017-Ohio-5555, ¶ 9, quoting *Moss v. Lorain Cty. Bd. of Mental Retardation*, 9th Dist. Lorain No. 09CA009550, 2009-Ohio-6931, ¶ 19. "The term 'bad faith' embraces more than bad judgment or negligence; it is conduct that involves a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud." *Chunyo* at ¶ 9, quoting *Thomas v. Bauschlinger*, 9th Dist. Summit No. 26485, 2013-Ohio-1164, ¶ 22. "Wanton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result." *Chunyo* at ¶ 9, quoting *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, paragraph three of the syllabus. Whereas, "[r]eckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct. The actor must be conscious that his conduct will in all probability result in injury." (Internal citation omitted.) *Chunyo* at ¶ 9.

**Mr. Saros**

**{¶23}** With respect to Mr. Saros, we conclude that the initial summary judgment burden was not met. In support of their motion for summary judgment, CSB, Mr. Saros, Ms. Klapper, Ms. Averell, and Ms. Baad presented no evidence concerning Mr. Saros. Instead, they merely

asserted that it was undisputed that Mr. Saros did not have contact with T.B., C.W., C.H., or R.W. and that Mr. Saros did not have any knowledge or information about alleged inappropriate conduct by Ball.  However, CSB, Mr. Saros, Ms. Klapper, Ms. Averell, and Ms. Baad did not in fact present evidence of the same.  It is well established that "[t]he non-moving party's reciprocal burden does not arise until after the moving party has met its initial evidentiary burden." *Jaber v. FirstMerit Corp.*, 9th Dist. Summit No. 27993, 2017-Ohio-277, ¶ 6.  Accordingly, we cannot say that the trial court erred in denying the motion for summary judgment with respect to the argument that Mr. Saros was immune from liability.

**Ms. Klapper, Ms. Averell, and Ms. Baad**

{¶24}  Ms. Klapper was a CSB social worker who was involved with R.W.'s case, and Ms. Averell was a CSB social worker assigned to C.H.'s case.  In their respective affidavits, both women discussed their visits with their assigned child and interactions with the child's family, other professionals, and Ball.  Ms. Klapper averred that at no time while R.W. was residing with Ball did she know or have any suspicion that R.W. was being abused by Ball.  Ms. Klapper maintained that had she been advised of, or suspected, any abuse, she would have reported the abuse.

{¶25}  Ms. Averell asserted that while C.H. was in Ball's home she had no knowledge or suspicion that C.H. was being abused.  Ms. Averell averred that only after C.H. was removed from Ball's home did C.H. raise allegations against Ball, and, Ms. Averell then immediately reported the allegations to the CSB hotline.

{¶26}  Ms. Baad was Ms. Averell's supervisor.  Ms. Baad maintained that at no time while C.H. was in Ball's home was she advised by T.B., any CSB employee, or C.H. that C.H. was being abused by Ball.

{¶27} Notwithstanding the foregoing, which would tend to support that Ms. Klapper, Ms. Averell, and Ms. Baad are immune, T.B. and C.W. presented evidence that Ms. Klapper, Ms. Averell, and Ms. Baad were aware of the allegations that Ball was sexually abusing R.W. and C.H. while the children were in Ball's home. C.W. and T.B. learned that their children were being abused by Ball while the children were still in Ball's care. Once they learned of the abuse from their children, they called their respective social worker. According to C.W., Ms. Klapper did not call C.W. back until later in the week. When she finally spoke to Ms. Klapper, told her about the allegations, and asked that R.W. be removed from Ball's home, Ms. Klapper said she would look into it but also stated that it could not be true because Ball was one of the best foster fathers. C.W. described Ms. Klapper as dismissive and did not think Ms. Klapper believed C.W. C.W. claimed that she never heard back from anyone with CSB about it and that R.W. remained in Ball's home for a few weeks until he was returned to C.W.'s care.

{¶28} T.B. testified that before C.H. disclosed the abuse to her, Ball called her and asked if C.H. had told her that Ball was touching C.H. T.B. reported Ball's phone call to Ms. Averell, who said she would look into it. T.B. indicated that she followed up with both Ms. Averell and Ms. Baad but never received a good answer as to why Ball would call and say that. The following weekend, while C.H. was on a home visit with T.B., C.H. disclosed he was being sexually abused. T.B. testified that she then called both Ms. Averell and Ms. Baad and told them about the abuse. T.B. also averred that she called the CSB hotline to report the abuse. According to T.B., Ms. Averell and Ms. Baad called T.B. a liar. C.H. also testified in his deposition that he told Ms. Averell that he was being sexually abused, that she did not believe him, and that, after he disclosed the abuse, she took him back to Ball's house.

{¶29} CSB, Mr. Saros, Ms. Klapper, Ms. Averell, and Ms. Baad, in their reply brief in support of the motion for summary judgment, pointed to a few pages from C.H.'s and R.W.'s testimony from Ball's criminal trial, arguing that the deposition testimony in the instant matter contradicted that trial testimony. They maintained that the trial testimony demonstrated that R.W. and C.H. did not report the abuse to their mothers until after they were removed from Ball's home. Thus, they asserted that the trial testimony was consistent with the affidavits of the CSB employees. Essentially, it appears that CSB, Mr. Saros, Ms. Klapper, Ms. Averell, and Ms. Baad were attempting to argue that the weight of the evidence only supported the CSB employees' version of events.

{¶30} However, the trial court's duty in reviewing the summary judgment evidence was not to evaluate credibility or the weight of any evidence. Instead, the trial court had to view the evidence in a light most favorable to the non-movants. Based on the foregoing, we conclude the trial court did not err in denying the motion for summary judgment as to Ms. Klapper, Ms. Averell, and Ms. Baad. There remains a genuine issue of material fact with respect to whether Ms. Klapper's, Ms. Averell's, and Ms. Baad's "acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner[.]" R.C. 2744.03(A)(6)(b). If the facts presented by T.B. and C.W. are found to be credible, at a minimum, a jury could determine that the conduct of Ms. Klapper, Ms. Averell, and Ms. Baad demonstrated a "conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Chunyo*, 2017-Ohio-5555, at ¶ 9. We are mindful that "[w]hether conduct is reckless is generally a question to be resolved by a jury." *Brown v. Cuyahoga Falls*, 9th Dist. Summit No. 24914, 2010-Ohio-4330, ¶ 20.

{¶31} The second assignment of error is overruled.

III.

{¶32} The first assignment of error is sustained and the second assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part, and reversed in part. This matter is remanded for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
RICE, J.
CONCUR.

(Rice, J., of the Eleventh District Court of Appeals, sitting by assignment.)

APPEARANCES:

DAVID J. HANNA and FRANK G. MAZGAJ, Attorneys at Law, for Appellants.

WILLIAM T. WHITAKER and ANDREA L. WHITAKER, Attorneys at Law, for Appellees.

EDMUND M. SAWAN, Attorney at Law, for Defendant.