[Cite as *Lemley v. Lorain*, 2021-Ohio-2869.]

STATE OF OHIO        )                 IN THE COURT OF APPEALS
)ss:             NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN    )

CHRISTOPHER W. LEMLEY           C.A. No.     20CA011692

    Appellee

    v.                              APPEAL FROM JUDGMENT
ENTERED IN THE
CITY OF LORAIN, et al.          COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
    Appellants                CASE No.    20CV200811

DECISION AND JOURNAL ENTRY

Dated: August 23, 2021

CALLAHAN, Judge.

{¶1} Appellants, the City of Lorain and certain police officers named as defendants in this case (collectively, "the City"), appeal an order of the Lorain County Court of Common Pleas that denied a motion to dismiss on the basis of immunity. This Court affirms.

I.

{¶2} Christopher Lemley filed a complaint against the City and three individuals, whom he designated with the appositive "Police Officer[,]" alleging malicious prosecution, trespass, and a civil claim premised upon a violation of his Fourth Amendment rights. The complaint averred that the officers' "actions * * * were undertaken in their capacity as police officers[,]" but were "manifestly outside the scope of their employment or official responsibilities" and "with malicious purpose, in bad faith, or * * * undertaken in a wanton or reckless manner." The City moved to dismiss under Civ.R. 12(B)(6), arguing that the City was entitled to immunity on the malicious prosecution and trespass claims because the defendants

were engaged in a governmental function and that the trespass and Fourth Amendment claims were barred by the statute of limitations. Specifically, the City maintained that Mr. Lemley's complaint failed to articulate an exception to the City's immunity under R.C. 2744.02.

{¶3} The trial court denied the motion to dismiss the malicious prosecution claim but dismissed the claims that asserted trespass, individual liability against the police officers, and a constitutional violation based on the applicable statutes of limitations.[1] The City appealed the trial court's decision denying the motion to dismiss the malicious prosecution claim pursuant to R.C. 2744.02(C).

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED BY DENYING [THE] CITY'S MOTION TO DISMISS, AS [THE] CITY IS ENTITLED TO IMMUNITY UNDER R.C. [CHAPTER] 2744 AND NO EXCEPTION TO SUCH IMMUNITY EXISTS; THUS, LEMLEY HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND THIS HONORABLE COURT MUST REVERSE THE TRIAL COURT'S DENIAL OF [THE] CITY'S MOTION TO DISMISS AS IT RELATES TO COUNT 1 OF LEMLEY'S COMPLAINT.

{¶4} The City's first assignment is that the trial court erred by denying the motion to dismiss the malicious prosecution claim with respect to the City itself. Given the arguments presented to the trial court in the City's motion to dismiss, this Court does not agree.

{¶5} A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim "is a procedural motion that tests the sufficiency of the plaintiff's complaint." *Pugh v. Capital One Bank (USA) NA¸* 9th Dist. Lorain No. 20CA011643, 2021-Ohio-994, ¶ 7, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). Dismissal for failure

---

[1] The trial court also noted that count three, which was labeled "Respondeat Superior," had been withdrawn by Mr. Lemley.

to state a claim can only be granted when, having presumed that all factual allegations of the complaint are true and having made all reasonable inferences in favor of the plaintiff, it appears beyond doubt that the plaintiff can prove no set of facts that would warrant relief. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988); *Fisher v. Ahmed*, 9th Dist. Summit No. 29340, 2020-Ohio-1196, ¶ 9. This Court must review an order that resolves a motion under Civ.R. 12(B)(6) de novo. *See Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.

{¶6} As a general rule, political subdivisions are "not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1). *See also Rankin v. Cuyahoga Cty. Dept. of Children and Family Servs.*, 118 Ohio St.3d 392, 2008-Ohio-2567, ¶ 17. This immunity, however, is subject to the exceptions described in R.C. 2744.02(B)(1)-(5). *Hortman v. Miamisburg*, 110 Ohio St.3d 194, 2006-Ohio-4251, ¶ 12, quoting *Cater v. Cleveland*, 83 Ohio St.3d 24, 28 (1998). If any exceptions apply, courts must consider whether immunity is restored based on the defenses described in R.C. 2744.03. *Hortman* at ¶ 12, quoting *Cater* at 28.

{¶7} The basis of the City's motion to dismiss with respect to the malicious prosecution claim was narrow: The City argued that in light of the broad grant of immunity to political subdivisions by R.C. 2744.02(A)(1), it was incumbent upon Mr. Lemley to plead an exception to that immunity under R.C. 2744.02(B)(1)-(5), either explicitly or by incorporating the language of the statute. Having failed to do so, the City maintained, the trial court was required to dismiss the malicious prosecution claim because without identifying an exception to immunity, there was no claim upon which relief could be granted.

{¶8} This Court recently considered a similar argument. *See generally Molnar v. Green*, 9th Dist. Summit No. 29072, 2019-Ohio-3083, ¶ 12-13. In *Molnar*, the plaintiff alleged claims against a political subdivision that included negligence, breach of contract, injunctive relief, libel, and punitive damages. *Id*. at ¶ 3. The political subdivision and its employees moved to dismiss the complaint, and the trial court denied the motion because "application of political subdivision immunity was premature." *Id*. at ¶ 4. The political subdivision and its employees argued that the trial court erred by denying the motion to dismiss because "they [were] presumptively immune under R.C. 2744.02(A)(1)[,]" the plaintiff failed to argue that any exceptions to their immunity applied, and therefore, the plaintiff "'failed to rebut the presumption of immunity.'" *Id.* at ¶ 12. In short, the political subdivision and its employees maintained that the plaintiff "[was] required to demonstrate one of [the] statutorily defined exceptions in order to overcome dismissal." *Id*.

{¶9} This Court rejected that argument, concluding that a plaintiff "is under no obligation to prove his case in his initial pleadings and '"need not affirmatively dispose of the immunity question altogether at the pleading stage."'" *Id*. at ¶ 13, quoting *Chunyo v. Gauntner*, 9th Dist. Summit No. 28346, 2017-Ohio-5555, ¶ 10, quoting *Scott v. Columbus Dept. of Pub. Utils.*, 192 Ohio App.3d 465, 2011-Ohio-677, ¶ 8 (10th Dist.). We further explained:

> There is no "heightened pleading requirement" that would obligate [the plaintiff] to allege specific exceptions to immunity when bringing suit against a political subdivision or an employee of a political subdivision. *Rogers v. Akron City School Sys.*, 9th Dist. Summit No. 23416, 2008-Ohio-2962, ¶ 17. Contrary to the [political subdivision's] position, [the plaintiff] is not required to "anticipate a political subdivision's defenses and plead specific facts to counteract a possible affirmative defense of sovereign immunity" to withstand a motion to dismiss. *Id*. at ¶ 19. The [political subdivision's] argument in this regard is inconsistent with Civ.R. 8(A) and the Civ.R. 12(B)(6) standard, and the [political subdivision has] not established that the basis for their immunity defense is apparent from the face of the complaint. *See Thomas v. Bauschlinger*, 9th Dist. Summit No. 26485, 2013-Ohio-1164, 2013 WL 1224889, ¶ 12.

*Id.* at ¶ 14. *See also Chunyo* at ¶ 10, citing *Scott* at ¶ 8; *Rogers* at ¶ 17-19. *But see Carelli v. Canfield Local School Dist. Bd. of Edn.*, 7th Dist. Mahoning No. 18 MA 0012, 2019-Ohio-1096, ¶ 17-20 (concluding that a motion to dismiss under Civ.R. 12(B)(6) should have been granted because the plaintiff did not plead any facts that pertained to an exception to immunity).

{¶10} The trial court denied the City's motion to dismiss the malicious prosecution claim because it "[did] not find support for [the City's] argument that [Mr. Lemley] must demonstrate or plead an exception to immunity[.]" Based on this Court's conclusion in *Molnar*, the trial court did not err in denying the City's motion to dismiss on that basis.

{¶11} In its appellate brief, the City also argues that the trial court should have dismissed the malicious prosecution claim because it is an intentional tort and liability is not directly imposed on political subdivisions by statute for malicious prosecution. *See generally* R.C. 2744.02(B)(5). *Compare Wilson v. Stark Cty. Dept. of Human Servs.*, 70 Ohio St.3d 450, 452 (1994). Although the City made a similar argument in support of its motion to dismiss the trespass claim, the City did not raise this argument in support of its motion to dismiss the malicious prosecution claim in the trial court. This Court declines to address it for the first time on appeal. *See Bank of New York Mellon Trust Co. v. Bowers*, 9th Dist. Lorain No. 12CA010289, 2013-Ohio-5488, ¶ 9.[2]

{¶12} The trial court did not err by denying the City's motion to dismiss with respect to the malicious prosecution claim, and the City's first assignment of error is overruled.

---

[2] The contours of the City's argument are unclear. To the extent that this argument could be construed as specifically relating to the requirements for pleading an intentional tort claim against a political subdivision, the City also did not raise that issue before the trial court. This Court makes no determination regarding the applicability of *Molnar* in that situation.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ERRED BY DENYING [THE] OFFICERS' MOTION TO DISMISS AS IT RELATES TO COUNT 1 OF LEMLEY'S COMPLAINT, AS [THE] OFFICERS ARE ENTITLED TO IMMUNITY PURSUANT TO R.C. [CHAPTER] 2744, THUS, LEMLEY HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND THIS HONORABLE COURT MUST REVERSE THE TRIAL COURT'S DENIAL OF [THE] OFFICERS' MOTION TO DISMISS AS IT RELATES TO COUNT 1 OF LEMLEY'S COMPLAINT.

{¶13} The City's second assignment of error argues that the trial court erred by denying the motion to dismiss the malicious prosecution claim with respect to the named police officers. This Court does not agree.

{¶14} The City appears to argue that the trial court erred with respect to the malicious prosecution claim against the police officers because Mr. Lemley failed to plead any exception to immunity under R.C. 2744.02(B). In other words, the City has made the same argument regarding the police officers that it made regarding the claim against the City itself. This argument fails for the reasons set forth in this Court's discussion of the City's first assignment of error. *See Molnar*, 2019-Ohio-3083, at ¶ 12-14.

{¶15} The City expended considerable effort in its appellate brief addressing whether Mr. Lemley pleaded a claim of malicious prosecution against the police officers in their individual capacities or solely in their capacity as employees. This issue is beyond the scope of this appeal. To the extent that the trial court addressed the issue of capacity, it did so in the context of Mr. Lemley's claim for trespass, which the trial court dismissed as barred by the statute of limitations. This appeal, however, is limited to the trial court's decision denying the motion to dismiss with respect to the malicious prosecution claim on the grounds that the City was not entitled to immunity. *See generally* R.C. 2744.02(C); *Riscatti v. Prime Properties Ltd. Partnership,* 137 Ohio St.3d 123, 2013-Ohio-4530, ¶ 19 (concluding that an order that denies

judgment to a political subdivision on a basis other than the immunity afforded by R.C. Chapter 2744 is not a final appealable order).

{¶16} The City's second assignment of error is overruled.

III.

{¶17} The City's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

PATRICK D. RILEY, Law Director, and JOSEPH T. LAVECK, Assistant Law Director, for Appellants.

BRENT L. ENGLISH, Attorney at Law, for Appellee.