[Cite as *Blackmon v. Akron School Dist.*, 2024-Ohio-318.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

TRACY BLACKMON, et al.

    Appellees

    v.

AKRON CITY SCHOOL DISTRICT AND
BOARD OF EDUCATION, et al.

    Appellants

C.A. No.      30717

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2022-09-3099

DECISION AND JOURNAL ENTRY

Dated: January 31, 2024

FLAGG LANZINGER, Judge

**{¶1}** Defendant-Appellants Joseph Vassalotti, Walter Noland, Melissa Blondheim, Larry Johnson, Brian Fuller, David James, and Daniel Rambler (hereinafter "APS Officials") appeal the judgment of the Summit County Court of Common Pleas denying their motion for judgment as a matter of law. This Court affirms.

I.

**{¶2}** Plaintiff-Appellee Tracy Blackmon filed a complaint against Akron Public Schools ("APS"), the APS Officials, the City of Akron, and Akron Deputy Mayor Charles Brown. Blackmon alleged in her complaint that she attended a high school football game at the Joseph P. Yost Stadium ("the stadium") and an unknown third party shot her. Blackmon further alleged that the APS Officials created unsafe conditions within the stadium.

**{¶3}** Relevant to this appeal, APS and the APS Officials filed separate answers and filed separate motions for judgment on the pleadings. In response, Blackmon amended her complaint.

Again, APS and the APS officials filed separate answers along with renewed motions for judgment on the pleadings.

{¶4} The trial court granted APS' motion for judgment on the pleadings but denied the APS Officials' separate motion. The APS Officials now appeal raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED IN DENYING DEFENDANTS/APPELLANTS VASSALOTTI, NOLAND, BLONDHEIM, JOHNSON, FULLER, JAMES, AND RAMBLER JUDGMENT ON THE PLEADINGS IN FULL BASED ON STATUTORY IMMUNITY BY FAILING TO APPLY THE APPROPRIATE ANALYSIS PURSUANT TO R.C. 2744 ET. SEQ.**

{¶5} In their sole assignment of error, APS officials argue that the trial court erred in denying their motion for judgment on the pleadings. We disagree.

{¶6} Initially we note, APS Officials argue that because the claims against APS were dismissed, the claims against APS Officials should also have been dismissed. However, APS Officials' argument presupposes that the trial court properly granted judgment on the pleadings for APS. Whether the trial court properly dismissed APS is not now before us.

{¶7} Civ.R. 12(C) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings pursuant to Civ.R. 12(C) is properly characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted; therefore, the same standard applies to both motions. *Business Data Sys., Inc. v. Figetakis*, 9th Dist. Summit No. 22783, 2006-Ohio-1036, ¶ 7. Although similar to a Civ.R. 12(B)(6) motion, Civ.R. 12(C) motions "are specifically for resolving questions of law[.]" (Internal citation omitted.) *State ex rel. Midwest*

*Pride IV Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). "Civ.R. 12(C) presents an onerous burden for litigants and consequently, a trial court must be circumspect in its analysis of Civ.R. 12(C) motions." *Figetakis* at ¶ 10. The trial court must limit its inquiry to the material allegations in the pleadings—accepting those allegations and all reasonable inferences as true—and, if it is clear from the pleadings that plaintiff could prove no set of facts which would entitle him to relief, judgment on the pleadings is appropriate as a matter of law. *Gawloski v. Miller Brewing Co.*, 96 Ohio App.3d 160, 163 (9th Dist.1994). Because a Civ.R. 12(C) motion presents only questions of law, our review of the decision is de novo. *White v. King*, 147 Ohio St.3d 74, 2016-Ohio-2770, ¶ 13.

{¶8} R.C. 2744.03(A) sets forth defenses or immunities that may be asserted to establish non-liability in a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function. R.C. 2744.03(A)(6), states as follows:

> In a civil action brought against * * * an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, * * * the employee is immune from liability unless one of the following applies:
> * * *
> (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner * * *.

{¶9} "One acts with a malicious purpose if one willfully and intentionally acts with a purpose to cause harm." *Moss v. Lorain Cty. Bd. of Mental Retardation*, 9th Dist. Lorain No. 09CA009550, 2009-Ohio-6931, ¶ 19. "Willful misconduct implies an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposefully doing wrongful acts with knowledge or appreciation of the

likelihood of resulting injury." *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, paragraph two of the syllabus. "Wanton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result." *Anderson* at paragraph three of the syllabus. Meanwhile, "[r]eckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Id.* at paragraph four of the syllabus.

{¶10} In its order, the trial court found that the amended complaint claimed APS Officials acted in a negligent, willful, wanton, reckless, careless, malicious, and intentional way when they participated in the "decision to not provide security measures, such as a metal detector and bag checks or prohibitions, at the September 17, 2020 football game, which security measures had been previously provided at other football games." The trial court noted that Blackmon presented general allegations regarding the conduct of APS Officials, consistent with Civ.R. 9(B) which states that "[m]alice * * * may be averred generally."

{¶11} APS Officials argue that the Amended Complaint presents only very general allegations regarding the conduct of the individual APS Officials. They assert that the general nature of the claims entitled them to judgment on the pleadings.

{¶12} As plaintiff, Blackmon's "'obligation to provide the grounds for [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Chunyo v. Gauntner*, 9th Dist. Summit No. 28346, 2017-Ohio-5555, ¶ 10, quoting *Schaad v. Buckeye Valley Local School Dist. Bd. of Edn.*, 5th Dist. Delaware No. 15 CAE 080063, 2016-Ohio-569, ¶ 28. "However, because Ohio is a notice pleading state, 'the plaintiff need not prove his or her case at the pleading stage.'" *Chunyo* at ¶ 10, quoting *Scott v.*

*Columbus Dept. of Pub. Utils.*, 192 Ohio App.3d 465, 2011-Ohio-677, ¶ 8 (10th Dist.). "Thus, a plaintiff need not affirmatively dispose of the immunity question altogether at the pleading stage." *Chunyo* at ¶ 10, quoting *Scott* at ¶ 8. "[A] plaintiff must merely allege a set of facts that, if proven true, would plausibly allow for recovery." *Scott* at ¶ 8.

{¶13} The allegations within the amended complaint indicate that APS Officials were "holding leader/director-level positions with responsibility, control and authority for the planning, scheduling, coordination, staffing, operation, management, security and protection of the health, safety and welfare of fans in attendance of this and/or all high school football games at [the stadium]." Blackmon further alleges "[o]n September 17, 2020, the first game of the 2020 high school football season, the previously imposed heightened safety measures and protocols to enter the Stadium through metal detectors and bag checks [were] not in place and there was no safety screening measures in operation, mandated and/or required for patron entrance." Blackmon's amended complaint further asserts "[s]uch a decision, determination and/or failure to act was undoubtedly and hastily made with malicious purpose, in bad faith, or in a wanton or reckless manner and in a negligent, willful, grossly negligent, reckless, careless, malicious and with an intentional disregard for the safety of [Blackmon] * * *."

{¶14} Accepting these allegations and all reasonable inferences derived therefrom as true, we cannot say that the trial court erred in denying the APS Officials' motion for judgment on the pleadings. Upon our independent review of the pleadings, we determine that Blackmon's amended complaint satisfies the requirements of Civ.R. 8(A) and does not clearly illustrate that Blackmon can prove no set of facts that would entitle her to relief. *See Rogers v. Akron City School Sys.*, 9th Dist. Summit No. 23416, 2008-Ohio-2962, ¶ 18-19 (concluding that student's complaint alleging

various intentional and unintentional torts against teacher was sufficiently pleaded to survive a motion for judgment on the pleadings based on sovereign immunity).

{¶15} APS Officials' assignment of error is overruled.

## III.

{¶16} APS Officials' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, J.
CONCURS.

SUTTON, P. J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

MARKUS E. APELIS and MATTHEW A. SMARTNICK, Attorneys at Law, for Appellants.

WILLIAM N. MASTERS, Attorney at Law, for Appellees.

PAUL W. FLOWERS and KENDRA N. DAVITT, Attorneys at Law, for Appellees.